STATE of Missouri, Respondent,

v.

Ronald HAMPTON, Jr., Appellant.

No. SC 86417.

Supreme Court of Missouri,
En Banc.

May 10, 2005.

Rehearing Denied June 21, 2005.

Craig A. Johnston, Office of Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

RICHARD B. TEITELMAN, Judge.

Ronald Hampton, Jr. was tried by a jury and convicted of first degree murder, section 565.020 RSMo 2000, and of armed criminal action, section 571.015 RSMo 2000. The judgment of conviction is reversed and the case is remanded for a new trial because the trial court clearly erred in allowing the state to exercise a peremptory strike against an African–American venireperson, in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[1]

### I. *Batson*

■■■ "Under the Equal Protection Clause, a party may not exercise a peremptory challenge to remove a potential juror solely on the basis of the juror's gender, ethnic origin, or race." *State v. Marlowe*, 89 S.W.3d 464, 468 (Mo. banc 2002). The resolution of a *Batson* challenge is a three-step process.

> First, the defendant must raise a *Batson* challenge with regard to one or more specific venirepersons struck by the state and identify the cognizable racial group to which the venireperson or persons belong. The trial court will then require the state to come forward with reasonably specific and clear race-neutral explanations for the strike. Assuming the prosecutor is able to articulate an acceptable reason for the strike, the defendant will then need to show that the state's proffered reasons for the strikes were merely pretextual and that the strikes were racially motivated.

*Id.*, quoting *State v. Parker*, 836 S.W.2d 930, 939 (Mo. banc 1992). Appellate courts review the trial court's *Batson* determination for clear error. *State v. Nicklasson*, 967 S.W.2d 596, 613 (Mo. banc 1998).

### II. *The Batson violation*

During jury selection, the state used five of its six peremptory strikes to remove African–Americans, including venireperson Jones. Defense counsel objected to the strike of Jones, arguing that the strike was racially motivated. The state countered that Jones was stricken not because she was African–American, but because she had previously been cross-examined in a criminal trial and stated that she did not like the experience. Defense counsel then argued that the state's explanation was pretextual because the state did not strike Sestrich, a similarly situated white venireperson. Defense counsel also noted that, contrary to the state's assertion, Jones did not state that she did not like the experience of being cross-examined and the state did not ask her which party had cross-examined her. Jones also stated that her previous experience as a witness would not prevent her from being fair and impartial.

The trial court agreed with defense counsel and denied the state's motion to strike venireperson Jones. The court found that "there are similarly situated white jurors that were not stricken. The motion to strike will be denied ... under *Batson*." The state responded by offering to strike a similarly situated white venireperson along with Jones. The trial court accepted the state's proposed remedy, and allowed the state to strike Sestrich while permitting the state's strike of Jones to stand. Sestrich was replaced by another white venireperson. The trial proceeded and Hampton was convicted.

### III. *Remedy*

■■■ If the court determines that a potential juror is stricken in violation of *Bat-*

---

1. Hampton's remaining four points on appeal are not addressed because his *Batson* claim is     dispositive.

*son,* the remedy is "to quash the strikes and permit those members of the venire stricken for discriminatory reasons to sit on the jury if they otherwise would." *State v. Grim,* 854 S.W.2d 403, 416 (Mo. banc 1993). This remedy vindicates the equal protection rights both of the accused and the stricken venireperson. *State v. Parker,* 836 S.W.2d 930, 936 (Mo. banc 1992).

 In this case, the trial court determined that the state's strike of Jones was a *Batson* violation. The court stated specifically that the strike against African–American venireperson Jones was denied "under *Batson.*" Although evidence was later presented that venireperson Sestrich was not in fact similarly situated to Jones, the circuit court's decision requiring the state to strike a similarly situated white venireperson confirmed the court's initial ruling that a *Batson* violation had occurred. If the court had found no *Batson* violation, there would have been no reason to require a remedy. Having determined there was a *Batson* violation, the only appropriate remedy was to quash the state's strike of Jones. *See State v. Grim,* 854 S.W.2d at 416. Instead, the trial court allowed the state to strike a similarly situated white venireperson, thus leaving the racial composition of the jury intact as if no attempt had been made to remedy the *Batson* violation. The trial court's remedy does not comport with this Court's precedent regarding the appropriate remedy for a *Batson* violation because it does not vindicate the equal protection rights of Jones or Hampton. While there is no doubt that trial court's attempt to fashion a remedy for the *Batson* violation was anything but a good faith attempt to cure an impermissible peremptory strike, the trial court clearly erred in permitting the state to strike venireperson Jones after determining that the strike violated *Batson.*

The judgment of conviction is reversed and the case is remanded for a new trial.

WHITE, C.J., WOLFF, STITH, PRICE and LIMBAUGH, JJ., and BAKER, Sp.J., concur.

RUSSELL, J., not participating.