STATE of Missouri,
Plaintiff/Respondent,

v.

Robert F. BROOM,
Defendant/Appellant.

No. ED 91239.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 14, 2009.

Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for respondent.

Gwenda R. Robinson, District Defender, St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant, Robert F. Broom, appeals from a judgment entered on a jury verdict finding him guilty of robbery in the first degree, in violation of section 569.020 RSMo (2000).[1] The trial court found defendant to be a persistent offender and sentenced him to ten years imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. In the early hours of September 20, 2005, defendant ap-

1. All further statutory references are to RSMo (2000).

proached a woman as she was returning home in the City of Saint Louis. Defendant pointed a gun at the woman and, after a struggle, defendant and an accomplice took two purses in her possession. During the course of the robbery, defendant fired the gun once. Defendant and the accomplice subsequently fled with the purses.

The state charged defendant by indictment with robbery in the first degree, in violation of section 569.020. The indictment further charged that defendant was a "prior offender" as defined in section 558.016. During voir dire, the state used peremptory strikes to remove venirepersons A.W. and M.D. Defendant raised Batson[2] challenges to both of these strikes, which the trial court denied.

## DISCUSSION

### I. Batson Claims

For his first point, defendant contends that the trial court erred in (1) failing to reinstate venireperson A.W. based on defendant's Batson challenge to the state's use of a peremptory strike against A.W. on the ground that the state refused to proffer a race-neutral reason for striking A.W. at the time the challenge was made and (2) in failing to reinstate venireperson M.D. based on defendant's Batson challenge to the state's use of a peremptory strike against M.D. on the ground that the state's reason for striking M.D. was pretextual.[3]

■■■ The Equal Protection Clause prohibits a party from exercising a peremptory challenge to remove a venireperson because of that venireperson's race. Batson v. Kentucky, 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). See also

State v. Hampton, 163 S.W.3d 903, 904 (Mo. banc 2005); State v. Marlowe, 89 S.W.3d 464, 468 (Mo. banc 2002). In Missouri, a Batson challenge to the improper removal of a venireperson proceeds in three steps:

First, the defendant must raise a Batson challenge with regard to one or more specific venirepersons struck by the state and identify the cognizable racial group to which the venireperson or persons belong. The trial court will then require the state to come forward with reasonably specific and clear race-neutral explanations for the strike. Assuming the prosecutor is able to articulate an acceptable reason for the strike, the defendant will then need to show that the state's proffered reasons for the strikes were merely pretextual and that the strikes were racially motivated.

State v. Parker, 836 S.W.2d 930, 939 (Mo. banc 1992) (footnote and citations omitted). See also State v. McFadden, 191 S.W.3d 648, 651 (Mo. banc 2006); State v. Johnson, 220 S.W.3d 377, 380 (Mo.App.2007). "In evaluating pretext, the trial court considers whether the explanation is (1) race-neutral, (2) related to the case to be tried, (3) clear and reasonably specific, and (4) legitimate." State v. McFadden, 216 S.W.3d 673, 676 (Mo. banc 2007). The existence of similarly-situated venirepersons of another race, who are not stricken, is probative of pretext but is not dispositive. State v. Nettles, 10 S.W.3d 521, 525 (Mo.App.1999).

When we review the trial court's ruling on a Batson challenge, we defer to the trial court's findings and will not reverse unless the findings are clearly erroneous. State v. Johnson, 207 S.W.3d 24, 35–36 (Mo.

---

2. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3. This point contains two separate claims of error which should have been stated in separate points. Christeson v. State, 131 S.W.3d 796, 799 n. 5 (Mo. banc 2004).

banc 2006). A trial court commits clear error if we are "left with the definite and firm conviction that a mistake has been made." *McFadden*, 216 S.W.3d at 675. On appeal, we do not consider grounds for *Batson* challenges that were not raised in the trial court. *Johnson*, 220 S.W.3d at 383.

### A. Venireperson A.W.

Defendant argues that the trial court erred in denying his *Batson* challenge to the state's peremptory strike of venireperson A.W. because the state did not proffer race-neutral reasons for its strike of A.W. During voir dire, the state responded to defendant's *Batson* challenge by stating that it had reasons for striking A.W., but that it was not required to disclose them because it believed that *Batson* did not apply to A.W., in that "he is not a member of a minority." The trial court denied defendant's *Batson* challenge to A.W. without requiring the state to come forward with race-neutral reasons for the strike.

However, during the sentencing hearing, when the court took up defendant's new trial motion, the state did give an explanation for its strike of A.W.:

MR. WARREN: Ms. Llewellyn has challenged juror 459, [A.W.], who I did not give a Batson reason for striking him because he was of the Caucasian race and I did not think that was required. The Court did not require me to make one. She has cited a U.S. Supreme Court case which I have not had a chance to read, but I would, for the record, indicate that I had made notes after the voir dire, and my notes indicate that I was prepared to say that he had served on a grand jury and there were several cases that he thought there was insufficient evidence to support the charges, but he concluded majority rules. And I

think he would have been an inappropriate juror to be on this case.

The court asked defense counsel if she wished to respond, and she declined. The court then denied the motion.

 The particular race of a defendant or a venireperson is irrelevant to the question whether a peremptory strike is racially motivated and therefore violates the Equal Protection Clause. *See Marlowe*, 89 S.W.3d at 468 (citing *Powers v. Ohio*, 499 U.S. 400, 415, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991)); *State v. Gray*, 887 S.W.2d 369, 384–85 (Mo. banc 1994). Further, under the *Parker* procedure, a *Batson* challenge should be made and decided before the venire panel is discharged. *Parker*, 836 S.W.2d at 937. As a result, the trial court erred in denying defendant's *Batson* challenge to the state's peremptory strike of venireperson A.W. without requiring the state to come forward with race-neutral reasons for its strike at the time the challenge was made. *See State v. Mayweather*, 865 S.W.2d 672, 676–77 (Mo.App.1993).

 Ordinarily, the failure to follow the *Parker* procedure requires a remand for an evidentiary hearing at which the trial court must follow the proper procedure and certify a record of its proceedings and findings to us. *State v. Nathan*, 992 S.W.2d 908, 915 (Mo.App.1999). However, if such a hearing has already taken place and been made a part of the record after the initial failure occurred, remand is unnecessary. Accordingly, the failure to follow the *Parker* procedure may be cured if the state subsequently offers its reasons, as it did here, when the trial court considers defendant's motion for new trial. *State v. Koenig*, 115 S.W.3d 408, 412 (Mo. App.2003). In this case, defendant raised the issue in his motion for new trial, and the state gave its reasons for its use of the strike when the court considered that mo-

tion. Defendant did not object to this procedure. The court invited defendant to respond to the state's reasons for its strike, which defendant declined to do. Since these actions cured the procedural error, we may consider whether the state's reasons for its strike of venireperson A.W. were facially race-neutral.

During voir dire A.W. disclosed that he felt that the state had not presented sufficient evidence to support an indictment on several cases that he had heard as a grand juror. This is a facially race-neutral reason for a peremptory strike. *See, e.g., United States v. Samuels,* 543 F.3d 1013, 1018 (8th Cir.2008); *United States v. Scott,* 26 F.3d 1458, 1466 (8th Cir.1994); *United States v. Thomas,* 914 F.2d 139, 142 (8th Cir.1990). Defendant did not attempt to establish that this reason was pretextual. As a result, the trial court did not clearly err in denying defendant's *Batson* challenge to venireperson A.W. *See State v. White,* 941 S.W.2d 575, 582 (Mo.App.1997).

B. *Venireperson M.D.*

■ Defendant also contends that the trial court erred in denying his *Batson* challenge to the state's peremptory strike of an African–American venireperson, M.D. On appeal, defendant concedes that the state gave race-neutral and reasonably specific reasons for striking venireperson M.D., but argues that the reasons were pretextual because the state did not strike M.F., who, defendant argues, was a similarly situated Caucasian venireperson.

The voir dire transcript discloses that when defense counsel asked M.D. whether he would be able to presume that defendant was innocent, M.D. answered, "Yes, he's innocent." Defendant's *Batson* challenge to the strike of M.D., the state's response, and the trial court's ruling proceeded as follows:

MS. LLEWELLYN: Juror number 46, Judge, [M.D.]. I believe this strike is a violation of his right to be a juror and of Robert Broom's right as a defendant, and [M.D.] is a black male, on the basis of race.

\* \* \*

THE COURT: Your reasons?

MR. WARREN: My reason is that he was constantly muttering throughout the defendant's voir dire. And rather loudly shouted he is innocent basically with an emphasis of exclamation mark behind it, when the defense was asking for their views on the defendant's guilt or innocence. And for that reason, I struck him. He was the most outspoken person, claiming the defendant's innocence.

THE COURT: Ms. Llewellyn?

MS. LLEWELLYN: Your Honor, I'd say that reason is pretextual. His demeanor could be interpreted another way. Plain old frustration because I kept asking the same questions of the panel and by the time I got to his section, it was the third group. I believe that reason is pretextual. And at one point when I was asking the questions, when I started, juror [M.F.] was actually pretty loud about responding also and [M.F.] is a Caucasian male. I believe the reasons are pretextual.

THE COURT: The Court finds that the reasons stated by the State for the strike of [M.D.], juror number 46, are not pretextual or racially motivated. Therefore, the defense motion with regard to Batson will be overruled and the strike shall stand. . . .

Defendant claimed that M.F. was similarly situated to M.D. because M.F. "was actually pretty loud about responding also." However, the state's reason for striking M.D. was not that M.D. was simply loud, but that M.D. was "constantly

muttering" during voir dire and that he emphatically shouted that defendant was innocent. In contrast, M.F. did not make a comparable statement. In his three responses during voir dire, M.F. stated his profession, explained that he and his girlfriend had been "mugged and robbed" by assailants who were never apprehended, and stated that his brother had been charged with a crime for which he received probation. Even if M.F. was "loud" in his responses, he was not similarly situated to M.D. because he did not express a belief favorable to the defense. *See, e.g., State v. Sage,* 977 S.W.2d 65, 69 (Mo.App.1998); *State v. Brown,* 958 S.W.2d 574, 582 (Mo. App.1997). Moreover, the prosecutor's explanation highlighted M.D.'s tone of voice and demeanor, which "cannot be gleaned from a transcript." *Johnson,* 220 S.W.3d at 382. The trial court was in the best position to determine if the prosecutor accurately described the venireperson's demeanor, and we defer to its determination of this issue. *Snyder v. Louisiana,* ⎯ U.S. ⎯, 128 S.Ct. 1203, 1208, 170 L.Ed.2d 175 (2008); *State v. Pullen,* 843 S.W.2d 360, 363 (Mo. banc 1992); *State v. Christian,* 865 S.W.2d 715, 716 (Mo.App. 1993).

The trial court did not clearly err in denying defendant's *Batson* challenges. Point one is denied.

## II. *Plain Error—Persistent Felony Offender*

 For his second point, defendant asserts that the trial court plainly erred in finding that he was a persistent offender for several reasons, including the reason that the indictment charged defendant as a prior offender, and not as a persistent offender. Defendant concedes that his claim of error under point two is not pre-

served because he did not object to his sentence at trial and did not raise the issue of the persistent offender finding in a motion for a new trial. *See Johnson,* 220 S.W.3d at 383. Accordingly, our review is limited to determining whether the trial court committed plain error. Rule 30.20.

The indictment charged defendant as a prior offender,[4] and defendant testified that he had a prior felony offense. However, on the judgment form, the trial court checked the box indicating it had found defendant to be a "persistent offender" and did not check the box indicating it had found defendant to be a "prior offender."

 In order for a trial court to properly find that a defendant is a persistent offender, which is "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times," section 558.016.3, the indictment must plead all essential facts warranting a finding that the defendant is a persistent offender. Section 558.021.1. *See also State v. Teer,* 275 S.W.3d 258, 261 (Mo. banc 2009). The state concedes that the trial court's finding that defendant was a persistent offender violated section 558.021.1(1) because the indictment did not charge that defendant was a persistent offender, but charged only that he was a prior offender. However, "[p]rocedural errors in prior offender hearings require reversal only if the defendant is shown to have been prejudiced." *Teer,* 275 S.W.3d at 260. *See also State v. Madison,* 997 S.W.2d 16, 22 (Mo. banc 1999). Moreover, to be entitled to reversal on a claim of plain error, a defendant bears the "burden of demonstrating that the action of the trial court was not only erroneous, but that the error so substantially impacted upon his rights that manifest injustice or a miscarriage of justice will result if the error is

---

4. "A 'prior offender' is one who has pleaded guilty to or has been found guilty of one

felony." Section 558.016.2.

left uncorrected." *State v. Roll,* 942 S.W.2d 370, 373–74 (Mo. banc 1997).

 In this case, defendant was sentenced to ten years imprisonment for robbery in the first degree, which is a class A felony. Section 569.020.2. Ten years is the minimum sentence that can be imposed for a class A felony, whether or not a defendant is found to be a persistent offender. Sections 558.011.1(1), 558.016.7(1). Accordingly, defendant did not receive an extended term of imprisonment as a result of the trial court's finding that he was a persistent offender. Defendant is not entitled to reversal and remand for re-sentencing because he was not prejudiced by the trial court's persistent offender finding. Since the persistent offender finding could not result in reversible error, there are no extraordinary circumstances in this case to justify reviewing this argument as a matter of plain error. *State v. Mosley,* 980 S.W.2d 1, 3 (Mo.App.1998). However, we will correct the judgment by changing the finding that defendant was a persistent offender to the finding that defendant was a prior offender. Rule 30.23; *State v. Ballard,* 169 S.W.3d 893, 895 (Mo.App. 2005); *State v. Williams,* 145 S.W.3d 874, 879 (Mo.App.2004); *State v. Halk,* 955 S.W.2d 216, 217 (Mo.App.1997). Point two is granted.

*Conclusion*

We correct the judgment and sentence to delete the finding that defendant was a persistent offender and replace it with the finding that defendant was a prior offender. The judgment of the trial court is affirmed as so modified.

MARY K. HOFF, and KENNETH M. ROMINES, JJ., concur.