**STATE of Missouri, Plaintiff/Respondent,**

v.

**Donald A. ADAMS, Defendant/Appellant.**

**No. ED 95976.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 25, 2011.

N. Scott Rosenblum, Rosenblum, Schwartz, Rogers & Glass, P.C., Erin R. Griebel, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Timothy A. Blackwell, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant appeals from a judgment entered on a jury verdict finding him guilty of assault in the second degree, in violation of section 565.060 RSMo (2000);[1] armed criminal action, in violation of section 571.015; and unlawful use of a weapon, in violation of section 571.030. The trial court found defendant to be a prior and persistent offender and sentenced him to three years' imprisonment on the assault count, seven years' imprisonment on the armed criminal action count, and fifteen years' imprisonment on the weapons count, all sentences to be served concurrently.

On appeal, defendant challenges the state's introduction of prior bad act evidence, the failure of the trial court to *sua sponte* prohibit some of the state's questions during voir dire, and the trial court's written finding that defendant was a persistent offender. We correct the judgment

1. All further statutory references will be to RSMo (2000).

and sentence to delete the finding that defendant was a persistent offender. We affirm as so modified.

The sufficiency of the evidence is not in dispute. On May 15, 2009, defendant shot a firearm three times from his automobile, and one of the bullets struck and injured a man on the sidewalk. Defendant's theory at trial was self-defense. He testified that ten or fifteen men were in a crowd on the sidewalk, making threats and comments as he and his girlfriend got into his car, and that after he put his car into reverse, three or four of them were behind his car, preventing him from backing up. He did not see anyone in the crowd with a firearm. He testified that people got closer, and he fired two shots through the passenger window and one shot through the sunroof. He drove away, dropped his girlfriend off at her house, and eventually drove to Illinois, throwing the gun into the river from a bridge. He testified that he then went to a hotel for two days because he knew the police were looking for him.

## DISCUSSION

### I. *Prior Bad Act Evidence*

 For his first point, defendant contends that the trial court erred in allowing the state to introduce evidence that defendant raped his girlfriend under the guise of impeaching her for having made a false police report because the evidence introduced prior bad acts. On cross-examination, the state asked defendant's girlfriend, over defendant's objection, if she was afraid of defendant, which she denied; whether defendant had ever raped her, which she denied; and if she had ever reported that to police, which she admitted.

This line of questioning was improper. However, a defendant seeking reversal has the burden of showing both error *and*

resulting prejudice. *State v. Isa,* 850 S.W.2d 876, 895 (Mo. banc 1993). We will reverse a conviction for error in the admission of evidence only if the admission is so prejudicial that it is outcome-determinative. *State v. Johnson,* 207 S.W.3d 24, 42 (Mo. banc 2006); *State v. Sapien,* 337 S.W.3d 72, 76 (Mo.App.2011). " 'A finding of outcome-determinative prejudice expresses a judicial conclusion that the erroneously admitted evidence so influenced the jury that, when considered with and balanced against all of the evidence properly admitted, there is a reasonable probability that the jury would have acquitted but for the erroneously admitted evidence.' " *Johnson,* 207 S.W.3d at 42 (quoting *State v. Black,* 50 S.W.3d 778, 786 (Mo. banc 2001)). Defendant has failed to show outcome-determinative prejudice.

In *Sapien,* the court considered the prejudicial effect of a witness's testimony that the defendant had previously raped her, which was introduced to explain her fear of the defendant and the reason for her delay in reporting the defendant's sodomization of one of the victims. The court held that the defendant had not shown outcome-determinative prejudice. 337 S.W.3d at 76–77. As in *Sapien,* the evidence of the uncharged offense of rape in this case was limited to two questions. Further, as in *Sapien,* the state referenced the witness's police report of rape during closing argument solely in the context of credibility to explain why the witness was afraid and why she was not credible.

 The *Sapien* court went on to hold that the evidence of guilt was "strong" before determining that despite the mention of the rape of the witness, there was not a reasonable probability that the jury would have reached a conclusion other than guilt. 337 S.W.3d at 77. In this case, the evidence of guilt is overwhelming.

There is no dispute that defendant fired a gun from his car and hit the victim, who was standing on the sidewalk next to the car parked in front of defendant's car, in the chest. Defendant's testimony that he did so because of his fear of the crowd standing on the sidewalk, although he had not seen anyone with a weapon, was sufficient to support a conclusion that he did not act in self-defense. *See, e.g., State v. Henderson*, 311 S.W.3d 411, 414–15 (Mo. App.2010). Further, defendant's flight from the scene, disposal of the gun, and hotel stay demonstrated his consciousness of guilt. *See Sapien*, 337 S.W.3d at 77; *State v. Holleran*, 197 S.W.3d 603, 611 (Mo.App.2006); *State v. Long*, 951 S.W.2d 679, 683 (Mo.App.1997); *State v. Smith*, 11 S.W.3d 733, 737 (Mo.App.1999). Evidence of consciousness of guilt contributes to a finding of overwhelming evidence. *See State v. Franks*, 228 S.W.3d 607, 610 (Mo. App.2007); *Jones v. State*, 197 S.W.3d 227, 232 (Mo.App.2006); *State v. Campbell*, 122 S.W.3d 736, 741 (Mo.App.2004).

Defendant admitted that he committed the shooting at trial, but argued he did so in self-defense. In this situation, if there is no reasonable probability that the jury would have acquitted but for the erroneously admitted evidence, the error in allowing improper evidence is harmless beyond a reasonable doubt. *Black*, 50 S.W.3d at 786.

In light of the overwhelming evidence in this case, there is no reasonable probability that the jury would have acquitted defendant, had it not heard defendant's girlfriend deny that defendant had ever raped her but that she had reported that to police. Because the challenged testimony was not outcome-determinative, defendant is not entitled to reversal on this issue. Point one is denied.

## II. *Voir Dire*

■ For his second point, defendant asserts that the trial court abused its discretion in "permitting the state to disclose non-critical facts to the venire, beyond that necessary to determine juror bias, including the facts that neither the gun nor the victim would be presented at trial." In the argument under this point, defendant argues that the state improperly informed the venire panel that neither the weapon nor the victim would be presented at trial; asked whether the members of the panel could base their deliberations on the basis of testimony alone; informed the venire that a gun was used, but was not recovered by police; and informed the venire not only that the victim would not testify, but that he could not be located.

■■ This point is not preserved because defense counsel did not object to the questions at the time they were made. *State v. Baumruk*, 280 S.W.3d 600, 618 (Mo. banc 2009); *State v. Edwards*, 116 S.W.3d 511, 536 (Mo. banc 2003); *see State v. Johnson*, 968 S.W.2d 686, 691 (Mo. banc 1998). We will not review a claim of plain error under Rule 30.20 unless there are substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *Baumruk*, 280 S.W.3d at 607; *Edwards*, 116 S.W.3d at 536–37; *State v. Chaney*, 967 S.W.2d 47, 59 (Mo. banc 1998), *cert denied*, 525 U.S. 1021, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). There are no extraordinary circumstances in this case to justify reviewing this argument as a matter of plain error. *State v. Mosley*, 980 S.W.2d 1, 3 (Mo.App.1998). If the evidence of a defendant's guilt is overwhelming, no manifest injustice or miscarriage of justice results from the refusal to allow plain error review. *See State v. Forrest*, 183 S.W.3d 218, 229–30 (Mo. banc 2006); *State v. Crawford*, 719 S.W.2d 11, 12 (Mo.

App.1986). Point two is denied.[2]

### III. *Persistent Offender Finding*

■ For his third point, defendant maintains the trial court erred in finding defendant was a prior and persistent offender even though he had only one prior felony conviction. Although defendant did not preserve this issue in the trial court, the state concedes this error.

■ "A 'persistent offender' is one who has pleaded guilty to or has been found guilty of *two or more* felonies committed at different times." Section 588.016.3 (emphasis added). Defendant had one previous felony conviction. At a pretrial hearing, the trial court found defendant to be a prior offender. In the written judgment, however, the trial court marked the boxes indicating that it found defendant to be both a prior offender and a persistent offender. The state concedes that the evidence does not support a finding that defendant was a persistent offender. However, defendant concedes that he was sentenced within the appropriate statutory range for a prior offender. When a defendant's sentence is not enhanced by an erroneous finding of persistent offender status, the defendant is not prejudiced, and we do not need to further review for plain error. *State v. Robinson*, 298 S.W.3d 119, 128 (Mo.App.2009). Rather, we may correct the judgment by deleting the finding that defendant was a persistent offender. *Id.*; *State v. Broom*, 281 S.W.3d 353, 359 (Mo.App.2009).

### *Conclusion*

The judgment and sentence is corrected by deleting the finding that defendant was

a persistent offender. As so modified, the judgment is affirmed.

KENNETH M. ROMINES and ROY L. RICHTER, JJ., concur.

---

**2.** In the argument under this point, defendant also argues that the state improperly asked the venire if there was anyone who would not believe the testimony of a witness who was convicted of smuggling drugs, and informed the jury that two of its witnesses would admit prior convictions and that one received probation. This claim of error was not only not preserved at trial, but also has not been preserved on appeal because it was not included in the point relied on. Rule 30.06(c); *State v. Garcia*, 930 S.W.2d 469, 473 (Mo.App.1996).