STATE of Missouri, Respondent,

v.

Jesse L. JOHNSON, Appellant.

No. SD 30910.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 10, 2012.

---

Margaret M. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen. and Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Judge.

A jury found Mr. Johnson ("defendant") guilty of statutory rape. He claims the trial court erred in excluding certain testimony offered by his sister. We reject this complaint and affirm the conviction.

Defendant does not dispute the sufficiency of the evidence, which we view and will summarize most favorably to the verdict. *State v. Colvin,* 312 S.W.3d 436, 437 (Mo.App.2010). Given the nature of the offense, and the youth of some witnesses and the victim, we recite only what is needed to explain our decision.

Defendant had non-consensual intercourse with the victim, who then was in middle school. The victim kept it to herself for several months because she was afraid. She eventually told a friend, who told her mother, which led to police involvement. The victim's pelvic exam revealed hymen transections consistent with her complaint. Defendant admitted to police that he had intercourse with the victim, but claimed it was consensual. He called it a "really stupid thing" and expressed regret for what he did.

Defendant was charged with, tried for, and convicted of statutory rape. The unsuccessful theory of defense was that no intercourse occurred. Defendant acknowledged his police statement and his prior admission of intercourse with the victim, but claimed he had been lying just to make the police officer "shut up."

Regarding the victim's hymen transections, defendant sought to have his sister testify that the victim told her that the victim "had sex a lot." The trial court excluded such testimony based on the rape shield law, § 491.015.[1] Defendant's sole point on appeal, which challenges this ruling, is not preserved.

In jury-tried criminal cases, with exceptions inapplicable here, "allegations of error to be preserved for appellate review must be included" in a motion for new trial. Rule 29.11(d).[2] In pertinent part, defendant's motion for new trial charged

---

1. Statutory citations are to RSMo 2000 and rule references are to Missouri Court Rules (2010) unless otherwise indicated.

2. Prior to July 2002, this rule was met if "definite objections or requests were made during trial," followed by "a general statement in the motion" for new trial of any allegations of error based thereon. *See State v. Pennington,* 24 S.W.3d 185, 189 (Mo.App. 2000). For the last ten years, however, our criminal and civil rules have differed in this respect. *Compare* current Rules 29.11(d) and 78.07(a).

that he was prevented "from eliciting testimony from [the victim]" about her alleged sexual activity.[3] No complaint or mention was made regarding defendant's sister's testimony, or the trial court's limitation thereof, which occurred at a different point in the trial. Allegations of error in a motion for new trial may not be changed or broadened on appeal. *State v. Cobb*, 336 S.W.3d 201, 205 (Mo.App.2011).

 Even if we ignored both this problem and any rape shield issues, we would still affirm. The proffered "sex a lot" testimony was rank hearsay. The state so notes and defendant does not argue otherwise. We cannot see, nor has defendant attempted to show, how such hearsay was admissible. We will uphold the trial court's ruling when, as here, there is any recognizable basis to do so. *See Cobb*, 336 S.W.3d at 209. Defendant's point fails. We affirm the judgment and conviction.

BARNEY, J. and FRANCIS, P.J., concurs.

---

3. This claim, relating to defendant's request to cross-examine the victim, would not have succeeded on appeal because defendant "failed to make any offers of proof about the proposed evidence he sought to introduce." *State v. Comte*, 141 S.W.3d 89, 93 (Mo.App. 2004). An exception to the offer of proof requirement, *id.* at 93 n. 3, would not apply since this record does not establish that the excluded evidence would have helped defendant (or, for that matter, what the excluded evidence would have been, or, in turn, how defendant was prejudiced by its exclusion). Thus, this is not the rare case where no offer of proof "is required to preserve a matter for appellate review." *Id.* at 93.