**STATE of Missouri, Respondent,**

**v.**

**Terry Lee DAVIS, Appellant.**

**No. SD 34771**

Missouri Court of Appeals, Southern District, Division Two.

Filed: November 20, 2017

---

Appellant's Attorney: Ellen H. Flottman, of Columbia, Missouri.

Respondent'(s) Attorney: Joshua Hawley, Attorney General, and Garrick Aplin, Assistant Attorney General, of Jefferson City, Missouri.

WILLIAM W. FRANCIS, JR., J.

Following a jury trial, Terry Lee Davis ("Davis") was found guilty of distribution of a controlled substance, pursuant to section 195.211.[1] The trial court sentenced Davis to 10 years in the Department of Corrections, as a prior and persistent offender. On appeal, Davis argues in his sole point that the trial court abused its discretion in admitting State's Exhibit 2, a DVD containing audio and video of the drug transaction involving Davis, as it contained evidence of "uncharged bad acts." Finding no merit in Davis' point, we affirm his conviction.

### Facts and Procedural History

Davis does not challenge the sufficiency of the evidence to support his convictions. We therefore limit our discussion of the facts to those necessary for resolution. We view the evidence in the light most favorable to the jury's finding of guilt. *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009).

On the morning of November 10, 2015, Deputy Keith Haynes ("Deputy Haynes"), of the Stoddard County Sheriff's Office and the SEMO Drug Task Force, received a call from a confidential informant ("C.I."), who told Davis that her main supplier had a quarter gram of methamphetamine he could sell her for $25. Deputy Haynes instructed C.I. to set up the drug buy for that day.

Deputy Haynes subsequently met with C.I., and searched her and the vehicle for narcotics that could be used to "set ... Davis up." Deputy Haynes then provided C.I. with $25 and an audio/video recorder, disguised as a car key fob. He turned the recorder on, announced the date, time, and the suspect's name—Davis—for the re-

---

1. All references to statutes are to RSMo Cum. Supp. 2013, unless otherwise indicated.

cording, and handed it to C.I., who then got into her vehicle. Deputy Haynes followed in an unmarked car.

C.I. met up with Davis, who got in her vehicle, and they drove off. Deputy Haynes followed, attempting to call C.I. several times because the plan for the controlled buy was not for Davis to get into C.I.'s vehicle. C.I. drove to the home of Davis' mother at his request, which C.I. agreed to do so as not to arouse suspicion.

On the way, C.I. asked Davis if the methamphetamine she was buying was any good, to which Davis reassured her that it was very good. Davis indicated that the only complaints he had about the methamphetamine was that it was too weak, and that was only because a portion had been split among too many people—it had nothing to do with the quality of the methamphetamine. Further, Davis told C.I. that he was able to exchange methamphetamine for rent. Davis also told C.I. where he got the methamphetamine and how much it cost. Davis gave C.I. "a quarter of crystal meth and three needles" in exchange for $25 before getting out of the vehicle.

After Davis exited her vehicle, C.I. met up with Deputy Haynes and turned over the packet of methamphetamine and needles, along with the recording device.

The packet of suspected methamphetamine was submitted to the Missouri State Highway Patrol Crime Laboratory for analysis, where it was determined to be methamphetamine.

Davis was charged by information with the class B felony of distribution of a controlled substance by knowingly distributing methamphetamine to C.I.

In a "Fourth Motion in Limine," Davis asked the trial court to prohibit the State from presenting evidence of or referring to the fact that "[Davis] had engaged in drug sales to people other than to [C.I.,]" because "[a]ny evidence of distribution of a controlled substance to anyone else is irrelevant and extremely prejudicial[,]" in that "the sole reason [for offering such evidence] would be to show that [Davis] has a propensity to commit the crime for which he is charged."

During a pretrial hearing on the fourth motion in limine, defense counsel specifically referred the trial court to the audio/video recording of the sale—during which Davis discussed distributing methamphetamine to his landlord—and argued that those portions of the recording should be excluded. Additionally, defense counsel later referred to a portion of the recording in which Davis told C.I. that another individual had complained about the quality of his product. The State responded by arguing that it was not propensity evidence, but rather was admissible under the "complete picture exception," in that the evidence was Davis' own statements made during the drug sale to reassure his customer of the quality of his product in order to complete the transaction. After taking the motion under advisement and reviewing the recording, the trial court denied Davis' fourth motion in limine stating that the evidence was "properly related and logically relevant to the crime at issue[.]" The trial court later clarified that it also found the evidence "legally relevant in the matter."

A jury trial was held on October 21, 2016. Davis did not testify or present any evidence. The recording of the drug buy was played for the jury during the State's opening statement. Commenting between portions of the recording, the prosecutor told the jury that after C.I. asked Davis if the "stuff" was good, Davis reassured C.I. of the quality of the methamphetamine he was selling her, and that Davis "brought up … someone else who had bought methamphetamine[,]" at which point de-

fense counsel objected stating, "I will object based on my Fourth Motion in Limine." Defense counsel further asked "that my objection be a continuing throughout the entire trial[,]" so that she did not "have to keep jumping up and down interrupting [the prosecutor]." The trial court overruled the objection, and granted the request that the objection be continuing.

The prosecutor then noted that, in the course of the drug transaction, Davis talked about how another person had complained about the quality of the methamphetamine Davis had sold him, but Davis reassured C.I. that the other buyer's complaint arose from the fact that Davis had split a quarter gram of methamphetamine between three people so it was an issue related to quantity rather than quality.

The prosecutor also noted that Davis spoke about his living arrangements, the cost of his rent, and the fact that he was exchanging methamphetamine for rent. Specifically, Davis told C.I. that his rent was $125, but that his landlord had agreed to take one-and-one-quarter grams of methamphetamine in lieu of rent.

At the end of the State's direct examination of Deputy Haynes, the prosecutor offered State's Exhibit 2, the audio/video recording of the controlled buy, to which defense counsel stated, "No objection." The trial court responded, "Hearing no objection, the Court shall receive State's Exhibit 2 into evidence."

The jury found Davis guilty of distribution of a controlled substance and the trial court sentenced Davis, as a prior and persistent offender, to 10 years' imprisonment.

On November 1, 2016, Davis filed a "Motion for Acquittal or in the Alternative for a New Trial," asserting the trial court erred in overruling Davis' fourth motion in limine because the "[a]dmission of any evidence regarding drug sales to other persons at unspecified times and dates had no probative value to the jury in determining whether [Davis] was guilty of the charge[d] offense. The admitted evidence was highly prejudicial and unrelated to the charged offense." The trial court denied Davis' motion. This appeal followed.

In his sole point relied on, Davis argues that the trial court abused its discretion in overruling defense counsel's objection to the admission of State's Exhibit 2, which contained audio evidence of Davis' reference to a prior drug sale and his exchange of methamphetamine for housing.

## Standard of Review

 The Court reviews the admission of evidence for an abuse of discretion. The trial court's decision will only be overruled if it was against the logic of the circumstances and was so arbitrary or unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Even if error is found, the Court will only reverse if the error materially prejudiced defendant's right to a fair trial.

*Kirk v. State*, 520 S.W.3d 443, 461 (Mo. banc 2017) (internal quotations and citations omitted).

## Analysis

### *Preservation of Evidentiary Claim*

The status of preservation as to Davis' claim on appeal dictates our standard of review. As the facts of this matter call into question which standard is appropriate, a preliminary discussion of this issue is necessary.

 To preserve a claim of evidentiary error in a jury-tried case, the proponent of such claim must: (1) timely object to the challenged evidence when it is offered at trial; (2) restate the basis of objection in a

motion for new trial per Rule 29.11(d);[2] and (3) file a brief to this Court on such claim in compliance with the rules of appellate procedure. *See*, ***State v. Clay***, 533 S.W.3d 710, 718–19 (Mo. banc 2017); ***State v. Golden***, 221 S.W.3d 444, 446 (Mo. App. S.D. 2007). The scope of an appellant's claim on appeal is limited by the claim as presented in the motion for new trial, which in turn is limited by the scope of the objection lodged at the time the challenged evidence was offered at trial. ***State v. Tisius***, 362 S.W.3d 398, 405 (Mo. banc 2012); ***State v. McClanahan***, 202 S.W.3d 64, 70 (Mo. App. S.D. 2006).

Davis filed his fourth motion in limine[3] on October 3, 2016, in which he argued that the trial court should exclude any evidence that "[Davis] had engaged in drug sales to people other than" the C.I. The motion suggested that such evidence would be irrelevant, prejudicial, inadmissible propensity evidence, and that there was no legitimate purpose for its admission. The trial court denied this motion before trial.

During the State's opening argument at trial, the State played portions of the audio/video of the drug transaction at issue, State's Exhibit 2, when the following colloquy occurred:

> (Recording [from State's Exhibit 2] played from 2:12:56 [to] 2:13:21.)
>
> [PROSECUTOR]: So the Defendant assures the confidential informant that the methamphetamine he is selling her is good quality methamphetamine.
>
> Now, during the course of the transaction, a subject is brought up

about someone else who had bought methamphetamine—

> [DAVIS' ATTORNEY]: Judge, I apologize for interrupting. I will object based on my Fourth Motion in Limine.
>
> THE COURT: Okay. All right.
>
> [DAVIS' ATTORNEY]: And I would ask that my objection be a continuing throughout the entire trial so I don't have to keep jumping up and down interrupting [the prosecutor].
>
> THE COURT: Certainly. The Court will allow that to be a continuing objection. The Court overrules that objection.

■ Davis' objection, cross-referencing his fourth motion in limine, is sufficient to preserve those matters specifically argued in that motion, as they apply to the evidence to which objection was made. As we have said, "[c]ross-referencing a motion in limine in an objection has been found to preserve a claim of evidentiary error to the extent the objection was contained within the motion." ***State v. Evans***, 517 S.W.3d 528, 543 (Mo. App. S.D. 2015).

Later, during the State's case in chief, the prosecutor offered State's Exhibit 2 into evidence, to which defense counsel stated, "No objection." The trial court responded, "Hearing no objection, the Court shall receive State's Exhibit 2 into evidence."

■ "[T]he general rule in Missouri is that a statement of 'no objection' when the evidence is introduced affirmatively waives appellate review of the admission." ***State v. Williams***, 411 S.W.3d 275, 277 (Mo.

---

**2.** All rule references are to Missouri Court Rules (2017).

**3.** This motion in limine, on its own, would be insufficient to preserve this argument for appeal. We recite the contents therein for clarity

because of relevant cross-references Davis made to this motion at trial and thereafter. ***State v. Blurton***, 484 S.W.3d 758, 775–76 (Mo. banc 2016).

App. S.D. 2013) (internal quotation and citation omitted). "Such a waiver also precludes plain error review, as allowed by Rule 30.20." *Id.* Suggesting defense counsel's statement of "no objection" was not a waiver, the State's brief directs us to *State v. Baker*, 103 S.W.3d 711 (Mo. banc 2003), which stands for the "narrow," "rare," and "factually-based" exception to the waiver rule, where there exists "a mutual understanding between the defendant, the trial court, and the prosecutor that the defendant did not intend to repudiate his prior objection when he or she announced 'no objection' to the admission of the evidence at trial." *See, State v. Williams*, 411 S.W.3d 275 (Mo. App. S.D. 2013).

> The request for a continuing objection is [indicia of] ... the mutual understanding between defense counsel, opposing counsel and the trial court that defense counsel intends to keep his objection alive throughout the trial. When a defendant requests a continuing objection the trial court is afforded an opportunity to determine and consider the exact nature and scope of the requested objection and the inherent problems associated with such an objection when at some point in time after the continuing objection is granted the evidence adduced at trial differs from the evidence adduced at the motion hearing.... The request also gives the State an opportunity to address to the trial court any prejudice it believes it may suffer as a result of allowing the defendant to preserve an objection to evidence while at the same time appearing to the jury to have 'no objection' to such evidence. After hearing from both parties the trial court can then, in the exercise of its discretion, either grant or deny the continuing objection. If granted, the trial court then has the opportunity to give the parties explicit directions as to the exact nature and scope of the objection and the procedure to follow should the defendant conclude that the evidence adduced during the trial might impact upon the trial court's previous ruling on the motion to suppress.

*State v. McWhorter*, 240 S.W.3d 761, 763-64 (Mo. App. S.D. 2007).

 As the State agrees in its brief, the statement of Davis' counsel of "No objection" to the admission of the now-challenged evidence, did not act as a waiver to the objection previously lodged, and to which the trial court granted a continuing objection.[4]

Davis filed his motion for new trial on November 1, 2016. There, in relevant part, he argued:

> **2. The trial court erred in overruling Defendant's Fourth Motion in Limine.** Admission of any evidence regarding drug sales to other persons at unspecified times and dates had no probative value to the jury in determining whether [Davis] was guilty of the charge[d] offense. The admitted evidence was highly prejudicial and unrelated to the charged offense. This violated [Davis'] rights to due process under the Fifth, Sixth, and 14th Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution.

The trial court denied this motion.

We note the challenged action of the trial court, rejecting Davis' fourth motion in limine in *pre-trial*, does not present a cognizable claim on appeal. *State v. Riley*,

---

4. We observe that it may be a better practice for counsel to make a careful record in an objection and qualify an announcement of "no objection" by making it clear that it is subject to the previous continuing objection.

440 S.W.3d 561, 566 n.2 (Mo. App. E.D. 2014).

 On appeal, Davis now argues that the trial court erred in overruling his objections to such evidence at the time such evidence was offered *at trial.* "Allegations of error in a motion for new trial may not be changed or broadened on appeal." *State v. Johnson*, 358 S.W.3d 574, 576 (Mo. App. S.D. 2012). Because Davis' post-trial motion challenges a different trial court ruling than his point on appeal, his claim on appeal is not preserved for our review. *See, id.*

### Davis' Claim on Appeal

*Ex gratia,* we note that even if Davis' claim were preserved, it would be unavailing. Davis' claim imputes two references Davis made during a drug sale: (1) a prior customer's complaints about the quality of his product; and (2) his exchange of methamphetamine to his landlord in lieu of rent.

While evidence of uncharged misconduct is generally inadmissible, evidence of uncharged crimes that are part of the circumstances or the sequence of events surrounding the offense charged may be admissible "to present a complete and coherent picture of the events that transpired." *State v. Primm*, 347 S.W.3d 66, 70 (Mo. banc 2011) (internal quotation and citation omitted).

Davis was charged with distribution of a controlled substance, per section 195.211—that is, selling methamphetamine. A person Davis discerned to be a potential methamphetamine customer asked if "it was any good[?]" Davis, giving his version of a sales pitch, countered with the gloss of candor, that the only complaints about Davis' methamphetamine were when he had split a portion among too many people and its effects were

thereby diminished. He further explained that the complaints had nothing to do with the quality of his product.

Further, Davis pressed, the value of his methamphetamine was demonstrable in the marketplace—his rent would otherwise be $125 per week, but he was able to exchange "a gram, gram and a quarter of meth" instead of paying that rent.

These instances were relevant to the drug transaction for which Davis was charged, and were appropriately used to present a complete and coherent picture of the events that transpired. *Primm*, 347 S.W.3d at 70. The trial court did not abuse its discretion in overruling Davis' objection to their admission as evidence. Point denied.

The judgment of the trial court is affirmed.

NANCY STEFFEN RAHMEYER, C.J./P.J.—Concurs

JEFFREY W. BATES, J.—Concurs