

# In the Missouri Court of Appeals Eastern District

DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED106221 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 16SL-CR01477-01 |
| | ) | |
| LEROY COLEMAN, JR., | ) | Honorable David L. Vincent III |
| | ) | |
| Appellant. | ) | Filed: April 30, 2019 |

## OPINION

Leroy Coleman, Jr. ("Coleman") appeals the trial court's judgment entered upon a jury verdict convicting him of one count of first-degree murder, three counts of first-degree assault, one count of unlawful use of a weapon, and five counts of armed criminal action. We affirm.

## BACKGROUND

On February 20, 2016, a black Mercedes was forcibly stolen at gunpoint from a gas station in Sauget, Illinois. Surveillance footage captured the incident. The four men involved were Coleman, Jerrod Corley, Tony Bailey, and John Stith. Stith attempted to drive the vehicle

but could not shift the car into gear due to the unique shift mechanism on the vehicle.[1] Corley switched places with Stith and drove the vehicle from the scene.

Corley drove the men to a bar in St. Louis County where they saw Cornelius Stallings, his girlfriend and two other individuals. Coleman believed Stallings was involved in the death of his cousin. Stallings and his companions left in his Jeep. He was driving, his girlfriend was sitting in the front passenger seat, and the other individuals were in the back. Coleman and his companions also left with Corley driving the Mercedes. Coleman saw Stallings' Jeep on Interstate 270. Corley drove the Mercedes next to the Jeep and the passengers in the Mercedes began shooting into the Jeep. Stallings' girlfriend was killed as a result of the shooting. The individuals in the back each suffered gunshot wounds.

Coleman and Corley were tried together. A jury convicted Coleman of one count of first-degree murder, three counts of first-degree assault, one count of unlawful use of a weapon, and five attendant counts of armed criminal action. He was sentenced to life imprisonment for first-degree murder and consecutive terms of twenty and fifteen years for the various remaining counts.[2] The present appeal follows.

## DISCUSSION

In his sole point on appeal, Coleman argues the trial court abused its discretion in admitting surveillance video of an unrelated carjacking in Illinois and the related testimony concerning his participation in the uncharged crime because it constituted improper evidence of his propensity to commit the crimes charged. Coleman contends the State's argument that the

[1] The particular model had a gear shift with a selector mounted on the right side of the steering wheel. It required a release button to be pressed to start the vehicle, and then the driver used the selector to put the car in park, drive, or reverse.
[2] He received twenty years for each count of armed criminal action, twenty years for unlawful use of a weapon, twenty years for one count of first-degree assault, and fifteen years for the remaining counts of first-degree assault.

evidence was offered as part of a common scheme or plan or to present a complete and coherent picture of the events leading up to the charged crimes was simply pretextual.

*Standard of Review*

The State claims this issue was not properly preserved for our review. According to the State, the error alleged in Coleman's motion for new trial was the trial court's decision to deny his motion in limine. The State cites *State v. Davis*, 533 S.W.3d 781 (Mo. App. S.D. 2017) in support of its argument that the issue was not preserved. However, this case is distinguishable from the facts in *Davis*. In his claim on appeal, Davis alleged the trial court erred in overruling his objections to the admission of the evidence *at trial*. However, he failed to raise it in his motion for new trial, thus broadening the scope of his original allegation of error, for purposes of appeal. *Id*. at 788 (emphasis in original). The court concluded the issue was not properly preserved. *Id*.

The State is correct that a ruling on a motion in limine is interlocutory and not subject to appellate review. To properly preserve the issue for review, the party seeking to exclude the evidence must object to its admission at trial. *State v. Carr*, 50 S.W.3d 848, 855-56 (Mo. App. W.D. 2001). Here, Coleman initially challenged the trial court's denial of his motion in limine. He repeatedly raised the issues of the admissibility of the video and the related testimony at trial, and a continuing objection was granted to Coleman at trial. He also argued the trial court erred in admitting the evidence at trial in his motion for new trial. Therefore, the alleged error was not unknown or expanded upon appeal here as it was in *Davis*. Thus we consider the issue as if it were preserved.

A trial court has broad discretion to admit or exclude evidence at trial. *State v. Hood*, 451 S.W.3d 758, 765 (Mo. App. E.D. 2014). The court abuses its discretion if its decision is clearly

3

against the logic of the circumstances and so unreasonable as to indicate a lack of careful consideration. *Id.*

*Analysis*

Coleman is correct that, in general, evidence of an uncharged crime is inadmissible if offered for the sole purpose of showing the defendant's propensity to commit the crime for which he is charged. *State v. McBenge*, 515 S.W.3d 706, 725 (Mo. App. E.D. 2016). However, there are several exceptions to this rule. *Id.* These exceptions include evidence that tends to establish: 1) motive; 2) identity of the person charged; 3) intent; 4) absence of mistake or accident; 5) a common scheme or plan; or 6) a complete and coherent picture of the circumstances and events surrounding the charged crime. *Id.* Such evidence must be logically relevant, meaning it has some legitimate tendency to directly establish the defendant's guilt of the charges for which he is on trial. *State v. Brown*, 457 S.W.3d 772, 786 (Mo. App. E.D. 2014). The evidence must also be legally relevant, which means the probative value of the evidence must outweigh its prejudicial effect. *Id.*

In the present case, Coleman was charged with first-degree murder, first-degree assault, unlawful use of a weapon, and the attendant counts of armed criminal action as a result of events occurring in February 2016. Earlier in the evening, a distinctive black Mercedes was carjacked at gun point at a gas station in Sauget, Illinois. Coleman was involved and the Mercedes was driven from Illinois to a bar in St. Louis County. The charged offenses occurred while Coleman was riding in this Mercedes.

Here, the evidence of the carjacking did not fall under the exception to establish a common scheme or plan because there was no evidence the Mercedes was stolen for the purpose

4

of committing the charged crimes.[3]  In addition, the evidence did not fall under the exceptions to establish motive, Coleman's identity, his intent, or the absence of a mistake or accident.

However, evidence of the carjacking in Illinois was not pretextual but admissible and relevant to show a complete and coherent picture of the circumstances surrounding the subsequent shooting.  It was also evidence of the sequence of events leading up to the shooting.  Moreover, considering the record as a whole, the probative value of the evidence outweighed its prejudicial effect.  Thus, it was admissible as an exception to the general exclusion of such evidence, and the trial court did not abuse its discretion in allowing evidence of the carjacking in Illinois at trial.  *McBenge*, 515 S.W.3d at 725.  Point one is denied.

## CONCLUSION

The judgment of the trial court is affirmed.

                         _____

                         Lisa P. Page, Chief Judge

Angela T. Quigless, J. and Nicole Colbert-Botchway, Sp.J., concur.

---

[3] At oral argument Coleman properly distinguished the facts of the present case from those in *State v. Robinson*, 392 S.W.3d 545 (Mo. App. S.D. 2013).  In *Robinson*, evidence of the defendant's purchase of orange ski masks and a subsequent altercation as he was leaving Walmart was found to be logically relevant and admissible because the defendant and others committed a robbery wearing the masks.  *Id*. at 549.  The court concluded the purchase was interconnected to the robbery, and therefore tended to establish the defendant planned and executed the robbery.  *Id*. at 554, 555.