

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD36540 |
| | ) | |
| vs. | ) | **Filed: October 29, 2020** |
| | ) | |
| STEPHEN WAYNE CRIDER, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Judge Mark Stephens

## AFFIRMED

Stephen Wayne Crider ("Defendant") appeals from his convictions for first-degree stalking and violating an order of protection. *See* §§ 565.225, 455.085.[1] Defendant claims the trial court erred in admitting evidence of the victim's statements made to police regarding Defendant, and that there was insufficient evidence Defendant directed his actions specifically toward the victim. Because Defendant's points lack merit, we affirm.

---

[1] All statutory references are to RSMo. Supp. (2017) unless otherwise indicated.

## Factual and Procedural Background

Defendant's mother and Z.F. ("Victim") lived together in a home, where Victim paid rent in exchange for a room.[2] Victim sought an order of protection against Defendant after Defendant accused Victim of stealing drugs and money from Defendant and threatened Victim for several hours. The *ex parte* order of protection was served on Defendant on October 4, 2017.[3] On October 23, 2017, Defendant came to the house where Victim lived on three separate occasions over the course of a day and evening and banged on the door each time. The police were called and responded after each incident. After the first incident, Victim wrote out a statement for the police. A short time prior to responding to the third incident, Officer Kage Etherton had driven by Victim's residence and saw Defendant pounding on the door.

Defendant was charged with stalking in the first degree and with violating an order of protection. A jury trial was held. Defendant did not testify or present any evidence. Defendant's motions for judgment of acquittal at the close of the State's evidence and at the close of all the evidence were denied. The jury found Defendant guilty as charged. Defendant filed a motion for new trial, which was denied. Defendant was sentenced to consecutive sentences of one year in the county jail for stalking and to 180 days in the county jail for violation of an order of protection. This appeal follows.

---

[2] The facts are presented in the light most favorable to the jury's verdict. ***State v. Stewart***, 343 S.W.3d 373, 374 (Mo. App. S.D. 2011).

[3] The record on appeal contains a copy of the *ex parte* order of protection and reflects that the violation was to the *ex parte* order of protection.

## Analysis

### *Point 1*

Defendant's first point alleges trial court error in the admission of Victim's written statement provided to police ("Victim's statement"). This statement provided, in pertinent part:

> [Defendant] has been harrassing and terrorizing all the people in my household, for a number of reasons: Paranoia, Drugs, mental instability Etc. Each time he tresspasses, he screams about getting a gun and killing us and himself. He came over today to demand a large amount of money, tripping out on whatever drugs he was on. Pounding on our front door and threatening us.[4]

Before we address the specifics of Defendant's point 1 allegation of error, we must address what claims Defendant has preserved on appeal. To preserve an evidentiary error in a jury-tried case, an appellant must: (1) timely object to the evidence at the time of trial; (2) restate the objection on the same basis in the motion for new trial pursuant to Rule 29.11(d); and (3) make the claim in his or her appellant's brief. ***State v. Davis***, 533 S.W.3d 781, 785-86 (Mo. App. S.D. 2017).[5]

At trial, Defendant objected to the admission of Victim's statement on numerous grounds, including "relevance[,]" "character evidence" and "collateral acts."[6] The trial court overruled Defendant's objections, admitted Victim's statement into evidence, and allowed Victim to read his statement out loud to the jury. In his motion for new trial, Defendant alleged, in pertinent part, "[t]he trial court erred in overruling Defendant's objection to testimony from [Victim] about the contents of his written statement,

---

[4] Victim's statement contained in Exhibit 3 has been reproduced without corrections to grammar, spelling, or punctuation.

[5] All rule references are to Missouri Court Rules (2020).

[6] Defendant also objected on the basis of violations of Defendant's "due process rights" and "ineffective assistance of counsel" under both the state and federal constitutions, and that the evidence was "more prejudicial than probative[.]"

3

specifically, the first two sentences."  "The testimony amounted to character evidence[,]" was "not relevant[,]" and was "more prejudicial than probative."  On appeal, however, Defendant's first point more broadly states:

> The trial court erred in admitting into evidence statements made by [Victim] constituting **character evidence, evidence of collateral acts, and improper opinions** regarding Defendant . . . in that these statements **pertained [to] prior uncharged conduct** because they pertained to events and acts that occurred prior to October 23, 2017 and that **were not relevant** to the charges against [Defendant] at trial.

(emphasis added).

A claim contained in a motion for new trial "must be the same as the claim on the appeal[,]"  ***State v. Nickels***, 598 S.W.3d 626, 633 (Mo. App. E.D. 2020), and "[a]llegations of error in a motion for new trial may not be changed or broadened on appeal.").  ***State v. Johnson***, 358 S.W.3d 574, 576 (Mo. App. S.D. 2012).  Thus, Defendant's only arguments preserved for appellate review were those made at trial, presented in his motion for new trial, and included in his point relied on:  that the trial court erred in admitting Victim's statement because this was inadmissible "character evidence" not relevant to the charged offenses.

Defendant's arguments fail because Victim's statement did not constitute "character evidence" and was relevant to the charges against him.  Character evidence "concerns a person's reputation, such as whether someone in the defendant's community views the defendant as a law-abiding citizen, a peaceable person, a truthful person, or as having any other general character trait."  ***State v. Shockley***, 410 S.W.3d 179, 193 (Mo. banc 2013).  Character evidence is not "proof of specific prior instances of conduct," ***id.***, which is what is described in Victim's statement.  When Victim stated Defendant "has been harassing and terrorizing all the people in my household, for a

4

number of reasons" and "[e]ach time he trespasses, he screams about getting a gun and killing us and himself[,]" Victim was referring to Defendant's past actions with specificity by describing the manner Defendant harassed both himself and other people in Victim's household as well as giving details of threats of violence. When Victim referred to Defendant's possible mental health issues or drug use, Victim was not describing Defendant's general reputation in the community. *See* **id.**

Moreover, Victim's statement contained information directly relevant to the issues before the jury when considering Defendant's charge of stalking. *See* § 565.225. For stalking, the State was required to prove Defendant "purposely, through his [] course of conduct, disturb[ed]" Victim, where "disturbs" is defined as "a course of conduct directed at a specific person that serves no legitimate purpose and that would cause a reasonable person under the circumstances to be frightened, intimidated, or emotionally distressed." **Id.** A defendant's history of threatening or violent conduct regarding the same victim can be particularly probative in adult abuse cases to show a defendant's intent. **Stewart**, 343 S.W.3d at 379. Here, evidence of Defendant's past history of screaming threats of violence at Victim shows Defendant's intent to purposely disturb Victim each time he banged on the door of Victim's home on October 23, 2017. *See* **State v. Mabry**, 285 S.W.3d 780, 786 (Mo. App. E.D. 2009). Victim's statement also showed why a reasonable person in Victim's situation would likely feel fear and emotional distress when Defendant pounded on his door based on Defendant's prior history with Victim. *See* **id.**

As to Defendant's unpreserved arguments, we decline Defendant's request to review these allegations for plain error because Defendant has not met his burden of demonstrating facially substantial grounds for believing the alleged error in the

admission of evidence resulted in a manifest injustice or miscarriage of justice. *See State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020). Point 1 is denied.

*Point 2*

In point 2, Defendant argues the trial court erred in failing to grant his motions for acquittal on his stalking charge because there was insufficient evidence Defendant "engaged in a course of conduct directed specifically toward [Victim]." This argument is without merit because Defendant disregards inferences favorable to the jury's verdict.

When reviewing a claim that the evidence was insufficient to support the verdict in a criminal case, this Court's analysis is limited to whether there was sufficient evidence for any reasonable fact-finder to have found the defendant guilty beyond a reasonable doubt. *State v. Naylor*, 510 S.W.3d 855, 859 (Mo. banc 2017).

Defendant was charged with the class E felony of stalking in the first degree for his course of conduct which caused Victim "to reasonably fear for his safety, by pounding on [] [V]ictim's door on two or more occasions on the same day, while having an order of protection against him." As described above, section 565.225 requires the conduct at issue be "directed" at the "specific person" of Victim. § 565.225.1.

Considered in the light most favorable to the jury's verdict, the evidence was sufficient to show Defendant's actions were specifically directed to Victim despite Defendant's contention his "issues that day were with his mother." The evidence presented showed Defendant had previously threatened Victim and Victim "continuously felt [Defendant] threatened my life." Defendant had been served with the *ex parte* order of protection, yet three times on the same day Defendant came to Victim's residence and pounded on the door, while Victim was at home. Victim's statement to police after the first incident described how Defendant's actions threatened

"us[,]" and included himself as being threatened. Victim also testified that after Defendant pounded on the door the second time, Victim hoped "all the doors were locked because I would have been in a lot of danger if he did come in." Two officers testified at trial that when the officers spoke to Defendant after the third incident, Defendant told them he had gone to the residence to talk to Victim *and* to his mother. The reasonable inferences, viewed in the light most favorable to the evidence presented, support the jury's verdict that Defendant's conduct was directed at Victim. Defendant fails to point us to any legal authority prohibiting the disturbing course of conduct at issue from being directed at more than one person at the same time. *Cf.*, ***State v. Starkey***, 380 S.W.3d 636, 638-39, 641 (Mo. App. E.D. 2012) (upholding, under the prior version of section 565.225, a defendant's aggravated stalking convictions related to four victims which included threats naming more than one victim at the same time). Defendant's second point is denied.

## Decision

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. - CONCURS

GARY W. LYNCH, J – CONCURS