

# Missouri Court of Appeals

## Southern District

## Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD36704 |
| | ) | |
| vs. | ) | **Filed: March 18, 2021** |
| | ) | |
| JIMMY LEE NICHOLS, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF DADE COUNTY

Honorable Judge David R. Munton

**<u>AFFIRMED</u>**

After a jury trial, Jimmy Lee Nichols ("Defendant") appeals his convictions for one count of tampering with a judicial officer, one count of making a terrorist threat in the third degree, and one count of possession of a controlled substance. *See* §§ 575.095, 574.125, and 579.015.[1] Defendant argues the trial court abused its discretion in overruling Defendant's objection to the State's closing argument, which Defendant claims involved improper personalization to the jury. Defendant's argument has not been preserved for our review. The trial court's judgment is affirmed.

---

[1] All statutory citations are to RSMo. (2016).

**Analysis**

Before we can proceed to address the merits of an appeal, we must determine that the allegation of error is preserved for our review. ***State v. Baker***, 551 S.W.3d 68, 69 (Mo. App. W.D. 2018). In one point relied on Defendant alleges the following:

> The trial court abused its discretion in overruling defense counsel's objection to the prosecutor's statement in closing argument suggesting to the jury that they would have been intimidated by [Defendant's] behavior because this violated [Defendant's] rights to due process of law and a fair trial, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, 18(a), and 22(a) of the Missouri Constitution, in that the prosecutor improperly personalized the matter for the jury by appealing to jurors' sympathy for Ms. Greenwade and encouraging the jurors to consider the personal harm [Defendant] could cause them, and improperly directed the jury to consider an element that was not part of the offense for which [Defendant] was on trial. Without this improper argument, there is a reasonable probability that the jury would have found [Defendant] not guilty.

At trial, in Defendant's closing statement, Defendant's counsel argued voicemails left for the prosecutor did not contain "any threats." The State's closing rebuttal contained the following exchange:

> [State]: Ladies and gentlemen, I understand that the statement was a threat, and I am so glad that it was only a threat.
>
> . . . .
>
> [State]: But if you had to endure those messages and know they were towards you and listen to the agitation and the frustration in that voice, I think you would find yourself intimidated.
>
> [Defendant's counsel]: I will object to personalizing to the jury.
>
> [Court]: Do what?
>
> [Defendant's counsel]: Personalizing to the jury, I object.
>
> [Court]: Are you completed?
>
> [State]: I am.
>
> [Court]: All right, I will overrule the objection at this point.

The jury was then instructed and left the room to deliberate. A bench conference followed, where this exchange occurred:

[Court]: Did you want to make anything in regard to an objection to that last question?

[Defendant's counsel]: I should have probably asked you to strike it, but I didn't do that.

[Court]: All right, just a couple of things and you all can go hang out or whatever you need to do.

Defendant's motion for new trial alleged in pertinent part:

5. The trial [c]ourt **erred in failing to instruct the jury to disregard the personalizing statements** made by the State at the close of their rebuttal closing wherein counsel for the State asked the jury to put themselves in the shoes of the victim. The court's failure denied Defendant of his right to due process and a fair trial as protected in Article 1, Section 10, 18(a), 19 and 22 of the Missouri Constitution in the Fifth and Fourteenth Amendments to the United States Constitution.

(Emphasis added).

Our analysis of Defendant's argument necessarily begins with whether it has been properly preserved because this "dictates our standard of review." ***State v. Davis***, 533 S.W.3d 781, 785 (Mo. App. S.D. 2017). At trial, Defendant objected on the basis of "personalizing to the jury" which was overruled by the trial court. In the motion for new trial, Defendant alleged the trial court erred by "failing to instruct the jury to disregard the personalizing statements[.]"

For an allegation of error to be preserved and receive more than plain error review, "it must be objected to during the trial *and* presented to the trial court in a motion for new trial." ***State v. Loper***, 609 S.W.3d 725, 733 (Mo. banc 2020) (quoting ***State v. Walter***, 479 S.W.3d 118, 123 (Mo. banc 2016)); *see* Rule 29.11.[2] "To be preserved for appellate review, the claim in the motion for new trial must be **the same** as the claim on the appeal." ***State v. Nickels***, 598 S.W.3d 626, 633 (Mo. App. E.D. 2020) (emphasis added). Allegations of error in a motion for

---

[2] Rule 29.11(d) provides:
In jury-tried cases, allegations of error to be preserved for appellate review must be included in a motion for new trial except for questions as to the following:
 (1) Jurisdiction of the court over the offense charged;
 (2) Whether the indictment or information states an offense;
 (3) The sufficiency of the evidence to sustain the conviction.

All rule citations are to Missouri Court Rules (2020).

new trial may not be altered or broadened on appeal. ***Davis***, 533 S.W.3d at 788. Defendant argued in his motion for new trial that the trial court erred by not *sua sponte* instructing the jurors to disregard the personalizing statement. This is not the same allegation of error contained in the point presented on appeal, which alleges the trial court erred by overruling Defendant's objection because the prosecutor "improperly personalized" and "improperly directed the jury to consider an element that was not part of the offense[.]" Defendant's argument has not been preserved.[3] Defendant's point is denied.

## Conclusion

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

GARY W. LYNCH, J. – CONCURS

---

[3] Defendant has not requested plain error review and an appellate court does not engage in plain error review under Rule 30.20 unless the defendant facially establishes substantial grounds for believing the alleged error resulted in a manifest injustice or miscarriage of justice. ***State v. Brandolese***, 601 S.W.3d 519, 526 (Mo. banc 2020). We decline to engage in plain error review.