**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jody Frank MILLER, Defendant–Appellant.**

No. 28159.

Missouri Court of Appeals,
Southern District,
Division II.

Feb. 14, 2008.

Application for Transfer Denied
March 7, 2008.

Nancy price, Law Office of Nancy Graven Price, P.C., of Springfield, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Jaime Wilson Corman, Assistant Attorney General, of Jefferson City, MO, for Respondent.

DONALD L. BARNES, Senior Judge.

Appellant, Jody Frank Miller ("Defendant" herein) was convicted after a jury trial on three counts of statutory sodomy in the second degree, in violation of Section 566.064,[1] and was sentenced to five years on each count; Counts I and II to run consecutively and Count II to run

---

1. Unless otherwise noted, all references to statutes are to RSMo (2000).

concurrently to the sentences in Counts I and II.

### Facts

Defendant lived in a concrete house, near Exeter, Missouri. On his property he operated a salvage yard and burned scrap and brush. Z.P., the victim in this case, lived with his parents about two miles from Defendant's home. Defendant and Z.P.'s family were friends. Z.P. was born on June 27th, 1989, and at all times relevant herein Z.P. was fourteen or fifteen years of age. Defendant was more than twenty-one years of age.

Sometime after his thirteenth birthday, Z.P. began visiting Defendant at Defendant's home where he assisted Defendant in burning fires, doing odd jobs around the salvage yard, and, in 2004, he helped Defendant bury telephone cable. He was also permitted to drive old junk vehicles and smash glass windows. Sometimes, beginning around his fourteenth birthday, and from then until January 2005, Z.P. testified he spent the night at Defendant's home—as many as twenty to twenty-five times. He also testified that on several of those occasions, Defendant had deviate sexual intercourse with him, with the last occurrence happening between Halloween and Thanksgiving of 2004. Z.P. testified that, from around his fourteenth birthday to January of 2005, Defendant had deviate sexual intercourse with him between eight and ten times. Z.P. described the acts practiced upon him by the Defendant, including the Defendant masturbating or attempting to masturbate Z.P. with Defendant's hand, performing oral sexual contact upon Z.P., and attempting anal intercourse with Z.P.

On January 1, 2005, Z.P. and his teenage friend, N.L., of approximately the same age, went to the Defendant's home and made plans to stay overnight there. De- fendant provided the boys whiskey and discussed with them homosexuality and told them they should learn more about the subject because when they went to college they would probably encounter homosexuality. On that occasion, Defendant asked N.L. to permit Defendant to engage in sexual intercourse with him, which N.L. refused. Later, when the boys refused to sleep because they were frightened, Defendant became mad at them, and they left Defendant's home for Z.P.'s parents' home afoot. Defendant followed them in his vehicle, but whenever vehicles would approach, Z.P. and N.L. would hide in the trees and woods thus avoiding detection.

Upon reaching home, under questioning by his mother, Z.P. related the experiences which had occurred that night and before. Sheriff's authorities were contacted, and Defendant was ultimately arrested and charged.

From his convictions, Defendant appeals raising six points.

### First Point—Bill of Particulars

■ Defendant argues that the trial court erred in denying his motion for an amended bill of particulars. We review a denial of a bill of particulars for abuse of discretion. *State v. Adams*, 229 S.W.3d 175, 183 (Mo.App. S.D.2007). Abuse of discretion will be found only if the trial court's denial has resulted in the defendant being insufficiently informed of the necessary factual details needed to prepare an adequate defense. *Id.; State v. Hoover*, 220 S.W.3d 395, 400 (Mo.App. E.D.2007). It is not only Defendant's burden to demonstrate abuse of discretion, but also to show that he was prejudiced by the denial. *Hoover*, 220 S.W.3d at 400; *State v. Armentrout*, 8 S.W.3d 99, 109 (Mo. banc 1999).

"The primary purpose of an indictment or information is to give general notice to the defendant of the charge against him." *State v. Higdon,* 774 S.W.2d 498, 500 (Mo.App. E.D.1989).

Count I of the information charged that the Defendant committed statutory sodomy in the second degree ... in that on or about October 31, 2004—November 30, 2004 ... the defendant had deviate sexual intercourse with Z.P. and at that time Z.P. was less than seventeen years old and the defendant was twenty-one years of age or older.

Counts II and III were identical to one another, and charged that Defendant committed

statutory sodomy in the second degree ... in that on or about June 27, 2003—October 31, 2004 ... the defendant had deviate sexual intercourse with Z.P. and at that time Z.P. was less than seventeen years old and the defendant was twenty-one years of age or older.

Defendant's first motion for a bill of particulars was partially granted, and the trial court required the State to include in the information a place where the events were alleged to have occurred. Defendant then filed a motion for an amended bill of particulars requesting that the State be required to include additional facts—the exact date and time of the acts alleged and the precise manner by which the acts constituting the unlawful conduct were performed—and asserted that Defendant would be unable to prepare a defense without knowing the exact nature of the acts alleged, nor would he be protected from future prosecution. The trial court denied the motion for an amended bill of particulars.

On appeal, Defendant argues that the information did not conform to Rule 23.01(b)(3),[2] a new section which was added to Rule 23.01, effective in 2003. That section reads, "[i]f multiple counts charge the same offense on the same date or during the same time period, additional facts or details to distinguish the counts shall be stated[.]" It is clear that Counts II and III are identical, and neither contains additional facts distinguishing one from the other. But, Rule 23.01(b) also states that "[a]ll indictments or informations that are substantially consistent with the forms of indictments or informations that have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)." The Supreme Court did not choose to limit the foregoing section when it promulgated section 23.01(b)(3), nor did it amend the uniform charge for sodomy in the second degree. *See* Rule 23; MACH—CR 20.13.

The State's information in each count substantially mirrors MACH—CR 20.13.

Defendant's counsel, at argument before this Court, cited Rule 23.01(b)(3) and asserted the language of that rule to be mandatory *sans* language making it discretionary or even directive, and contended that the failure of the trial court to require the State to include additional facts or details distinguishing one count from another was, *ipso facto,* abuse requiring reversal and remand, and that a showing of prejudice by Defendant is irrelevant. We believe counsel is wrong.

Even if this Court assumes the trial court erred in denying Defendant's motion for an amended bill of particulars, Defendant must still show how such error was prejudicial to him. *Armentrout,* 8 S.W.3d

**2.** Unless otherwise noted, all references to rules are to Missouri Rules of Criminal Procedure (2005).

at 109. Defendant offers only the conclusory statement that the information did not give him adequate notice of the facts constituting the offenses alleged against him. He has not demonstrated how the trial court's refusal to force the State to include the facts he sought in his motion prejudiced his defense. His defense at trial to all Counts was not alibi, but rather that he committed no offenses constituting deviate sexual intercourse against Z.P. Defendant denied outright all of Z.P.'s accusations. Additional information could not have prejudiced a defense of outright denial of any criminal acts toward Z.P. *State v. Lachterman*, 812 S.W.2d 759, 771 (Mo. App. E.D.1991) (overruled on other grounds by *State v. Bernard*, 849 S.W.2d 10, 16 (Mo. banc 1993)).

Defendant was afforded a preliminary hearing at which he was represented by counsel. His counsel took Z.P.'s deposition. Additionally, we note that the verdict directors specified the conduct alleged in each count so that the jury could not have been confused about the nature of the acts with which Defendant was accused in each count and the facts they were required to find to convict on each count. Defendant specifies no prejudice nor does the record disclose he complained either before or during the trial regarding any failure of disclosure by the State other than that sought in the motion for bill of particulars heard and ruled by the trial court. Without a showing of prejudice, the trial court's ruling was not error requiring reversal. *State v. Rudd*, 759 S.W.2d 625, 627–28 (Mo.App. S.D.1988); *State v. Burch*, 740 S.W.2d 293, 296 (Mo.App. E.D. 1987). The fact of the preliminary hearing and the taking of Z.P.'s deposition and no other and different complaint of non-disclosure by the State, gives rise to a presumption that Defendant was adequately informed of the charges to enable him to prepare his defense at trial. *State v. Mar-*tin, 852 S.W.2d 844, 856–57 (Mo.App. W.D. 1992). "It is a rare case ... in which the discovery tools available are not sufficient to pinpoint the offense and prepare an adequate defense." *Hoover*, 220 S.W.3d at 401.

Defendant's first point is denied.

### *Second Point—Expert Testimony*

At trial, State's expert witness, Barry County Deputy Sheriff, Brian Martin ("Martin"), was asked to opine how often physical evidence of abuse is present in sexual abuse cases. Defendant objected on the basis that Deputy Martin was not qualified adequately as an expert, and the objection was overruled. Defendant claims error in the ruling. Defendant does not argue that the subject of Martin's testimony was not a proper one for expert testimony. Rather, he argues the State failed to demonstrate Martin was an expert in child sex abuse investigations.

 The determination of a witness as an expert is within the discretion of the trial court and will not warrant reversal unless the trial court abused its discretion. *State v. Boone Retirement Ctr., Inc.*, 26 S.W.3d 265, 275 (Mo.App. W.D.2000). An abuse of discretion occurs only when the ruling of the court is "so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *State v. Partridge*, 122 S.W.3d 606, 609 (Mo.App. E.D.2003).

 "The test of expert qualification is whether [the expert] has knowledge from education or experience which will aid the trier of fact." *State v. Mallett*, 732 S.W.2d 527, 537 (Mo. banc 1987). "The extent of an expert's experience or training in a particular field goes to the weight, not the admissibility, of the testimony." *Partridge*, 122 S.W.3d at 609. Martin testified he has had over 500 hours of training

regarding child abuse investigations and has attended numerous symposiums and conferences; that his investigations include severe physical abuse, neglect, and sexual abuse; and that he has investigated over 300 cases involving child abuse, all in the four to five years prior to his testimony. Martin's qualifications to testify on the issues upon which he was queried are substantial and sufficient enough so as to indicate that the trial court did not abuse its discretion in allowing the testimony.

Defendant's second point is denied.

### *Third Point—Juror Nondisclosure*

Next, Defendant contends the trial court erred in failing to grant his motion for a new trial based on juror nondisclosure. In voir dire, the venire panel was asked if anyone was acquainted with the victim or his family. Juror number two did not respond. At a hearing on the motion, Defendant asserted that juror number two had failed to disclose that she had known the victim and his family, a failure requiring a new trial. At the hearing, Defendant's sister testified that she had witnessed the juror after the trial speaking to the victim's stepfather for fifteen to twenty minutes, and at some undisclosed time prior to the trial she had thought she might have seen the same juror at a party at the victim's home. The trial court denied the motion for new trial.

■■■■■ "A trial court's ruling as to the existence of juror misconduct will not be disturbed absent a finding of abuse of discretion on review." *State v. Smith,* 944 S.W.2d 901, 921 (Mo. banc 1997). When deciding whether to grant a new trial on the basis of juror nondisclosure, the trial court must first determine whether a nondisclosure actually occurred, and, if so, whether the nondisclosure was unintentional or intentional. *State v. Mayes,* 63 S.W.3d 615, 625 (Mo. banc 2001). If unin-

tentional, a new trial is not warranted unless the party can show the nondisclosure may have influenced the verdict, and prejudice normally will be presumed if the nondisclosure was intentional. *Id.* But, when asserting juror misconduct, the defendant bears the initial burden of demonstrating that the conduct actually occurred. *Id.* at 625–26; *Smith,* 944 S.W.2d at 921.

■■■■■ "Intentional nondisclosure occurs: 1) where there exists no reasonable inability to comprehend the information solicited by the question asked of the prospective juror, and 2) where it develops that the prospective juror actually remembers the experience or that it was of such significance that his purported forgetfulness is unreasonable." *Williams by Wilford v. Barnes Hosp.,* 736 S.W.2d 33, 36 (Mo. banc 1987); *Mayes,* 63 S.W.3d at 625. To prove intentional juror concealment, a defendant must make that allegation in his motion for a new trial and factually support it with an affidavit or testimony from the non-disclosing juror. *Mayes,* 63 S.W.3d at 626.

■■■ Unintentional nondisclosure occurs where the forgotten experience was remote in time or insignificant, or where the potential juror reasonably misunderstood the question propounded. *Williams by Wilford,* 736 S.W.2d at 36. Defendant's brief is not clear as to which type of nondisclosure he alleges and, as he did not present testimony or an affidavit from juror number two, he fails to meet the threshold proof requirements of intentional nondisclosure. *Mayes,* 63 S.W.3d at 626. And if Defendant alleges unintentional nondisclosure, then he has failed in his burden to demonstrate that the nondisclosure influenced the jury's verdict. We cannot speculate.

Defendant's third point is denied.

### Fourth Point—Sufficiency of Evidence

Defendant avers in his fourth point that the trial court erred by failing to grant his motion for acquittal as to Count I, because the State failed to prove beyond a reasonable doubt that the offense alleged in that count occurred within the time frame alleged therein.

This Court reviews a denial of a motion for acquittal by determining if sufficient evidence was adduced at trial to make a submissible case, and whether there was sufficient evidence upon which a reasonable juror might have found the Defendant guilty beyond a reasonable doubt. *State v. Hall,* 236 S.W.3d 698, 700 (Mo. App. S.D.2007). The State must prove every fact necessary to constitute the crime charged. *State v. Taylor,* 238 S.W.3d 145, 148 (Mo. banc 2007). Appellate review of the evidence is in the light most favorable to the verdict, granting the State all reasonable inferences from the evidence and disregarding contrary inferences that are not such a logical extension of the evidence that a reasonable juror would ignore them. *State v. Whalen,* 49 S.W.3d 181, 184 (Mo. banc 2001).

Section 566.064 establishes the elements of statutory sodomy in the second degree. "A person commits the crime of statutory sodomy in the second degree if being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age." Section 566.064. Under the statute, the time the offense occurred is not a fact necessary to constitute the offense. It is well established that time is not of the essence in sex offense cases. *State v. Mills,* 872 S.W.2d 875, 878 (Mo. App. S.D.1994); *State v. Ellis,* 820 S.W.2d 699, 701 (Mo.App. E.D.1991); *State v. Meyers,* 770 S.W.2d 312, 316 (Mo.App. W.D.1989). The State is not required to prove beyond a reasonable doubt the time

where the crime occurred. *Taylor,* 238 S.W.3d at 148.

But, under the facts of this case, Defendant argues the State must prove the time of the offense beyond a reasonable doubt, pointing out that Count I differs from Counts II and III only by the first and last date period included, and the time period alleged in Counts II and III are identical, and that the victim's testimony of when the last instance of deviate sexual intercourse was in the time period covered in all three counts. However, the victim also testified there were eight to ten separate incidents that occurred during the time periods set out in Counts I, II, and III. Because of the number of incidents and the explicit finding of facts set out in the three verdict directing instructions as to the precise manner of commission of the offenses in each count, the argument that the jury could have convicted him of the same offense more than once is not persuasive. Moreover, the jury was provided the legal definition from MAI—CR and Section 566.010(1) of deviate sexual intercourse with which to compare the facts in evidence. Further, Z.P. testified that, to the best of his memory, the last incident occurred within the time period alleged in Count I.

Defendant's fourth point is denied.

### Fifth and Sixth Points—Corroboration of Victim's Testimony

Defendant's last two points assert that the trial court erred in not granting his motion for acquittal as to Counts II and III because Z.P.'s testimony was so internally contradictory and in conflict with physical facts that corroboration of his testimony was required.

Uncorroborated testimony of the victim in a sexual assault case is sufficient to sustain a conviction. *State v.*

*Paulson,* 220 S.W.3d 828, 833 (Mo.App. S.D.2007). The victim's testimony does not need corroboration unless the testimony is "so contradictory and in conflict with physical facts, surrounding circumstances and common experience, that its validity is thereby rendered doubtful." *State v. Moore,* 194 S.W.3d 387, 391 (Mo.App. S.D. 2006). The corroboration rule does not apply to "inconsistencies not sufficient to make the testimony inherently self-destructive." *Paulson,* 220 S.W.3d at 833 (quoting *State v. Cole,* 148 S.W.3d 896, 902 (Mo.App. S.D.2004)). Discrepancies must be gross inconsistencies and contradictions and must relate directly to essential elements of the case. *State v. Sprinkle,* 122 S.W.3d 652, 666–67 (Mo.App. W.D.2003).

Defendant claims inconsistency in Z.P.'s testimony in that Z.P. testified that he cried after the initial assault by Defendant, yet he continued to visit Defendant numerous times thereafter. Z.P. explained, in spite of this and more assaults, that he continued to visit Defendant at his home because he did not want his parents or anyone else to know; he was not sure if anyone would believe him; that if he stopped going someone would question him as to why he no longer would go to Defendant's; that he did not want to get in trouble and that he was afraid of Defendant—none of which is an irrational reason for a minor victim of sexual abuse. The Court holds that Z.P.'s testimony is not of the character requiring corroboration.

Defendant's points five and six are denied.

The judgment is affirmed.

LYNCH, C.J., and BARNEY, P.J., concur.