

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED107031 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Christopher E. McGraugh |
| ANTHONY J. STAFFORD, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 19, 2019 |

## Introduction

Anthony J. Stafford ("Stafford") appeals the trial court's judgment following jury-trial convictions for first-degree sodomy and third-degree domestic assault. Stafford raises three points on appeal. Point One contends that the trial court erred in denying his motion for new trial because the jury heard impermissible testimony from the victim ("Victim") about uncharged drug use by Stafford. Point Two avers that the trial court abused its discretion in denying his motion for new trial on grounds that a juror failed to disclose that he knew Stafford and Victim. Lastly, Point Three charges the trial court with plain error in sentencing Stafford as a prior offender under Section 558.016[1] because the State failed to present evidence establishing Stafford's prior conviction under Section 558.021. Because Stafford demonstrates no prejudice or manifest injustice resulted from Victim's references to Stafford's drug use, we deny Point

---

[1] All Section references are to RSMo (2016), unless otherwise indicated.

One.  Because Stafford introduced no evidence that juror nondisclosure occurred, we deny Point Two.  Although the trial court committed plain error in sentencing Stafford as a prior offender under Section 558.016, Stafford has not met his burden of showing manifest injustice with respect to the length of his sentence, jury-recommended sentencing, or parole eligibility.  Accordingly, we affirm the trial court's judgment.

Factual and Procedural History

This case involves a domestic dispute between Stafford and Victim in which Stafford hit Victim and sodomized her with a broom in June 2017.  The State charged Stafford with one count of sodomy in the first degree and two counts of domestic assault in the third degree.  The case proceeded to trial in June 2018.

At the beginning of the trial, Stafford filed a motion in limine to prevent Victim from testifying about uncharged drug use by Stafford.  The trial court sustained the motion.  When Victim took the stand, she made the following statements:

- "Sometimes we [Victim and Stafford] get up and just watch TV, smoke a cigarette or get up and call and get high."
- "I had went and sat on the love seat.  That's when [Stafford] had called somebody and he made a call for—to get some drugs."
- "I gave [Stafford] what I had got from being outside, and then both of us had did some and then we sat there and he went upstairs."

Stafford did not object to the first statement.  Stafford objected to the second statement, and the trial court sustained the objection.  In its initial instructions to the jury, the trial court had instructed the jury to disregard any evidence to which the trial court sustained an objection.  After the third statement, Stafford requested a sidebar conference outside the hearing of the jury and objected to Victim's repeated violations of the motion in limine.  The trial court sustained the objection and advised the State to lead the Victim through that portion of the testimony.  Stafford stated that if violations of the motion in limine continued, he would ask the trial court

2

for a limiting instruction and to strike certain portions of the testimony. The trial court concluded the sidebar, and the State resumed questioning Victim.

During the trial, Stafford adduced evidence that he could not have committed the charged offenses due to his physical impairment from a prior injury, including his use of crutches to get around. The State sought to rebut Stafford's limited-mobility defense with testimony from Victim that Stafford managed his mobility issues through use of illegal narcotics. Following argument by both parties and over Stafford's objection, the trial court ruled that Victim could not testify that Stafford self-medicated with heroin but could testify that Stafford used "pain drugs." The State asked Victim if there were times when Stafford was able to be mobile and if pain drugs allowed him to have that increased mobility, and Victim answered affirmatively. The State repeated this testimony in its closing argument.

The jury found Stafford guilty on all charges. Stafford moved for a new trial on several grounds, including Victim's testimony about uncharged drug use as well as juror nondisclosure. Regarding juror nondisclosure, Stafford alleged that the juror who occupied seat twelve and who identified himself during voir dire as working part-time at a pawnshop ("Juror") did not disclose that he knew Stafford and Victim from having encountered them at the pawnshop. No affidavit was attached to Stafford's motion. At the motion hearing, Stafford did not take the stand or present other evidence. Stafford argued that he recalled after trial that he knew the Juror prior to being incarcerated because on multiple occasions he had gone to the pawnshop where Juror worked. Stafford further argued that Juror knew him by name and would refer to him as "Mr. Stafford." The State disputed Stafford's allegation of juror nondisclosure. The trial court denied juror nondisclosure as a basis for retrial. The trial court explained that it was proceeding on the assumption that Juror was in fact the same individual with whom Stafford had contact at the

3

pawnshop, even though no venireperson had indicated knowing Stafford or Victim. The trial court found no basis to believe that Juror intentionally withheld information or that Stafford was prejudiced, commenting that Juror likely did not recognize Stafford in the courtroom setting and, if he did, he might have had a favorable impression of Stafford.

At Stafford's sentencing, the State did not file a sentence assessment report or introduce evidence of Stafford's prior conviction, which the indictment alleged involved Stafford pleading guilty to second-degree drug trafficking on July 25, 2000. Stafford stated that the prior conviction was for a drug-related offense occurring approximately eighteen years earlier. Stafford did not object when the sentencing court asked whether there was any reason not to proceed with sentencing. The trial court sentenced Stafford to seven years in prison for first-degree sodomy to run consecutively with concurrent three-year sentences for each of the two counts of third-degree domestic assault. The written sentence and judgment reflects that Stafford was sentenced as a prior offender under Section 558.016. Stafford now appeals.

## Points on Appeal

Stafford raises three points on appeal. In Point One, Stafford argues that the trial court erred in denying his motion for new trial because Victim improperly testified about Stafford's uncharged drug use. In Point Two, Stafford claims that the trial court erred in denying his motion for new trial because Juror failed to disclose knowing Stafford and Victim. Lastly, in Point Three, Stafford contends the trial court plainly erred in sentencing Stafford as a prior offender because the State failed to establish Stafford's prior-offender status under Section 558.021.

4

We review a trial court's decision whether to grant a new trial on the basis of evidence admissibility or juror misconduct for an abuse of discretion. See State v. Forrest, 183 S.W.3d 218, 223, 231 (Mo. banc 2006). Under the abuse-of-discretion standard, we examine the trial court's ruling "for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." Id. at 223–24 (internal citation omitted). We presume that the trial court's denial of a motion for new trial is correct and will reverse only "when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." State v. Hill, 412 S.W.3d 281, 284 (Mo. App. E.D. 2013) (internal quotation omitted).

Additionally, we review any unpreserved issue for plain error, "which requires a finding that manifest injustice or miscarriage of justice has resulted from the trial court error." State v. Johnson, 207 S.W.3d 24, 34 (Mo. banc 2006) (internal citation omitted). The defendant bears the burden of establishing manifest injustice under the facts and circumstances of the case. Id. at 49 (internal citation omitted). Specifically, the defendant must show that "there is a sound, substantial manifestation, a strong, clear showing, that injustice or miscarriage of justice will result if relief is not given." Id. (internal quotation omitted).

Discussion

## I. Point One—Uncharged Drug Use

In Point One, Stafford asserts that the trial court erred in denying his motion for a new trial because Victim improperly testified about Stafford's uncharged drug use. Stafford challenges four instances of drug-related testimony. In the first three statements, Victim testified that; (1) she and Stafford "get up and call and get high" on a typical morning; (2) Stafford made

and call and directed her to "get some drugs;" and, (3) she and Stafford "did some" drugs on the day of the incident. In the fourth statement, Victim answered affirmatively when the State asked her if Stafford ever used "pain drugs" to manage his physical mobility issues. We address the first three statements together and address the fourth statement separately.

A.     Victim's References to Stafford's Drug Use

**1.     Preservation**

Before Victim testified, the trial court granted Stafford's motion in limine to exclude any testimony relating to Stafford's uncharged drug use. While Victim's first three disputed drug-use statements present the same substantive issues, the parties note the following preservation differences: (1) Stafford did not object to the first statement; (2) Stafford objected to the second statement, which closely followed the first and which the trial court sustained before the jury; and (3) Stafford objected at sidebar to the third reference as a continued violation of the motion in limine, and that objection was also sustained.

"The scope of an appellant's claim on appeal is limited by the claim as presented in the motion for new trial, which in turn is limited by the scope of the objection lodged at the time the challenged evidence was offered at trial." State v. Davis, 533 S.W.3d 781, 786 (Mo. App. S.D. 2017) (internal citations omitted). When a defendant fails to object due to inadvertence or negligence, we review the claim for plain error, but a defendant waives even plain-error review when "counsel has affirmatively acted in a manner precluding a finding that the failure to object was a product of inadvertence of negligence" such as affirmatively stating "no objection" or for a strategic reason. State v. Johnson, 284 S.W.3d 561, 582 (Mo. banc 2009) (internal citations omitted).

Here, since Stafford did not object to the first statement, we review that claim for plain error. See Johnson, 284 S.W.3d at 568. Because Stafford objected to the second statement, we

6

review that claim for an abuse of discretion. See id. Regarding the third statement, although the trial court sustained Stafford's objection to the third statement at sidebar, the State nonetheless argues that Stafford waived the claim because he failed either to affirmatively have his sustained objection heard aloud by the jury or to request a limiting instruction. See id. at 582. We are not persuaded. Stafford lodged multiple objections to the Victim's roving testimony and specifically objected to the State's violation of the motion in limine in an effort to protect the trial court's evidentiary ruling. Stafford's motion was granted on the record, albeit outside the hearing of the jury. Accordingly, Stafford's claim as to the third statement is not waived, and we review the claim for an abuse of discretion. See id.; Davis, 533 S.W.3d 786, 788.

### 2. Substantive Analysis

Evidence of uncharged crimes is generally inadmissible to show a defendant's propensity to commit the charged offense. State v. Schneider, 483 S.W.3d 495, 505 (Mo. App. E.D. 2016); State v. Sprofera, 372 S.W.3d 17, 19 (Mo. App. W.D. 2012). However, it is well settled that "a defendant seeking reversal has the burden of showing both error *and* resulting prejudice." State v. Adams, 350 S.W.3d 864, 866 (Mo. App. E.D. 2011) (citing State v. Isa, 850 S.W.2d 876, 895 (Mo. banc 1993)). No prejudice results unless "the erroneously admitted evidence so influenced the jury that, when considered with and balanced against all of the evidence properly admitted, there is a reasonable probability that the jury would have acquitted but for the erroneously admitted evidence." Id. (quoting Johnson, 207 S.W.3d at 42); Forrest, 183 S.W.3d at 224. In determining whether a reference to an uncharged offense is prejudicial, we consider various factors, including whether the State prompted or emphasized the reference, whether the reference was fleeting and isolated, whether specific offenses were mentioned, whether an objection was made and sustained, and whether the reference played a decisive role in the verdict given the context of the State's case against the defendant. State v. Goff, 129 S.W.3d 857, 866 n.7 (Mo.

7

banc 2004) (internal citations omitted). For unpreserved claims of error, a defendant must meet a higher standard of showing manifest injustice resulted from the inadmissible evidence. See Johnson, 207 S.W.3d at 34.

Here, even under the abuse-of-discretion standard, we reject Stafford's argument that the verdict was prejudiced by the Victim's passing references to Stafford's drug use while setting the scene of the incident. In particular, evidence of drug use was not an element of either of the charged offenses of sodomy or domestic assault. See Goff, 129 S.W.3d at 866; State v. Bell, 488 S.W.3d 228, 251 (Mo. App. E.D. 2016) (finding no prejudice where the prosecution elicited evidence that the defendant possessed cocaine when he was arrested because it was not directly related to the charged offense of murder and unlikely to have been given significant probative value by the jury). Although the State may have failed to effectively instruct Victim on the limitations of the motion in limine, the record does not suggest that the State prompted Victim to comment on Stafford's drug use or her own drug use in setting the scene of the incident. See Goff, 129 S.W.3d at 866. Indeed, after the sidebar in which the trial court expressed concern that the Witness was unlikely to adhere to the motion in limine, the State was advised to and successfully led the Victim through the remainder of her testimony with no further drug-related references. Further, the Victim's references to drug use and a single drug transaction were limited and isolated to one portion of her testimony. The record shows that the State did not improperly highlight or otherwise draw attention to that testimony nor identify any specific uncharged criminal act during the presentation of evidence or in closing argument. See id. Additionally, the jury heard the trial court sustain Stafford's objection to Victim's statement that Stafford had made a call "to get some drugs," and we may presume that the jury followed the trial court's instruction to disregard evidence to which an objection was sustained. See id.; State

8

v. Joseph, 515 S.W.3d 735, 749 (Mo. App. E.D. 2016) (internal citation omitted).  Viewed in the full context of the State's case against Stafford, we do not find that Stafford has shown the necessary prejudice or manifest injustice to find reversible trial court error.  See Forrest, 183 S.W.3d at 223; Johnson, 207 S.W.3d at 34.

  B. Stafford's Use of "Pain Drugs"

  Stafford also asserts that Victim's reference to Stafford's use of "pain drugs" to manage his pain and allow him to be mobile created an unreasonable risk that the jury sentenced him for uncharged misconduct.  We disagree.

  During a sidebar conference, the parties argued their positions regarding the State's intention to rebut Stafford's evidence (which included medical records) that he could not have committed the charged offenses due to his physical limitations caused by pain from an earlier accident.  The State sought to ask Victim if Stafford self-medicated with illegal narcotics (specifically, heroin) to show that he was sufficiently mobile on the day of the incident to have committed the assault and sodomy.  The trial court recognized the legitimacy of the State's request for rebuttal evidence but also recognized that mentioning heroin would be unduly prejudicial.  Over Stafford's objection, the trial court ruled that the State could recall Victim to testify and inquire whether "pain drugs" provided Stafford increased mobility.  In its ruling, the trial court noted that this narrow inquiry best avoided any reference to illegal activity while allowing the rebuttal witness to testify to evidence in which the probative value outweighed any prejudicial effect.  Subsequently, the State asked Victim whether there were times when she was living with Stafford that he was able to be mobile, whether pain drugs allowed him to have that increased mobility, and whether he had mobility the night of the assault; Victim answered "yes" to each question.

9

Stafford's claim that the term "pain drugs" constitutes a reference to illegal, uncharged misconduct supporting a claim of reversible error is unavailing. See Schneider, 483 S.W.3d at 505. The single and carefully posed question about "pain drugs" did not violate the rule against evidence of uncharged acts, but in fact was specifically designed to *avoid* any prejudicial reference to Stafford's heroin use. See id.; Bell, 488 S.W.3d at 249 (citing Johnson, 207 S.W.3d at 42) (noting a "trial court has broad discretion in determining the admissibility of evidence, and we will not disturb its ruling absent a clear abuse of that discretion."). Indeed, the term "pain drugs" reasonably encompasses legal substances. Victim's reference to "pain drugs" was not evidence of uncharged criminal acts. To the contrary, the reference was a generic term for relevant and proper rebuttal testimony responding to Stafford's evidence of his leg injury and claims of impaired mobility. The trial court's evidentiary ruling was not an abuse of discretion because the testimony was limited to comply with the sustained motion in limine and prevent the jury from hearing testimony of Stafford's uncharged illegal drug use. See Forrest, 183 S.W.3d at 223–24.

We find that Stafford has failed to demonstrate either prejudice or manifest injustice from the admitted evidence of Victim's uncharged drug use. Accordingly, the trial court did not err in denying his motion for new trial. See id; Johnson, 207 S.W.3d at 34. Point One is denied.

## II. Point Two—Juror Nondisclosure

In Point Two, Stafford maintains that the trial court abused its discretion in denying his motion for new trial due to Juror's nondisclosure that he knew Stafford and Victim as patrons of the pawnshop where Juror worked.

"In determining whether to grant a new trial for juror nondisclosure, the court first must determine whether a nondisclosure occurred at all and then, if so, whether the nondisclosure was intentional or unintentional." State v. Ess, 453 S.W.3d 196, 203 (Mo. banc 2015) (internal

10

quotation omitted); <u>State v. Miller</u>, 250 S.W.3d 736, 743 (Mo. App. S.D. 2008) (citing <u>State v. Mayes</u>, 63 S.W.3d 615, 625 (Mo. banc 2001)). "Allegations of nondisclosure are not self-proving and must be supported by the record." <u>Hill</u>, 412 S.W.3d at 283–85 (Mo. App. E.D. 2013) (citing <u>State v. McFadden</u>, 391 S.W.3d 408, 418 Mo. banc 2013)); <u>see also</u> <u>State v. Pherigo</u>, 389 S.W.3d 693, 698 (Mo. App. S.D. 2012) (internal citation omitted) (noting that allegations in a motion for new trial are not self-proving). To establish juror nondisclosure, a defendant "must present evidence through testimony or affidavits of any juror, or other witness either at trial or at the hearing on his motion for new trial." <u>Ess</u>, 453 S.W.3d at 202 (citing <u>Mayes</u>, 63 S.W.3d at 625–26) (emphasis omitted). Thus, a bare allegation of juror nondisclosure in a motion for new trial does not satisfy the quantum of evidence necessary to show that nondisclosure actually occurred; rather, a claim of juror nondisclosure must be offered in conjunction with evidence to supplement the record, such as an affidavit from the defendant or a juror, or the introduction of sworn testimony at the hearing on the motion for new trial. <u>See</u> <u>id.</u> at 201–03 (citing <u>Mayes</u>, 63 S.W.3d at 626). Consequently, we will affirm the denial of a motion for new trial where the defendant has not supported the motion for new trial with affidavits or testimony. <u>See</u> <u>Pherigo</u>, 389 S.W.3d at 698 (internal citations omitted).

Here, Stafford has not established sufficient facts to merit relief on his claim of non-disclosure either by attaching an affidavit to the motion for new trial or by presenting evidence at the motion hearing. <u>See</u> <u>Ess</u>, 453 S.W.3d at 202. We agree with Stafford that he need not produce an affidavit or testimony ***from the non-disclosing juror*** to establish the requisite facts. <u>See</u> <u>id.</u> However, Stafford was obligated to establish the nondisclosure through some evidence, such as attaching an affidavit to his motion for new trial, or taking the stand or calling a witness at the hearing. <u>See</u> <u>id.</u>; <u>see also</u> <u>Miller</u>, 250 S.W.3d at 743. Here, Stafford presented no evidence

11

from himself, Juror, or any witness in the form of affidavit or testimony. Because Stafford's allegation of juror nondisclosure in his motion for new trial was unsupported by any sworn statements establishing facts in the record for the trial court to find that actual nondisclosure occurred, the trial court did not err in denying Stafford's motion for new trial. See Ess, 453 S.W.3d at 202; Pherigo, 389 S.W.3d at 698.

Assuming arguendo that nondisclosure occurred, as the trial court did in its ruling, Stafford's claim nonetheless fails. Regarding intentional nondisclosure, Stafford has the burden to show the nondisclosure was intentional. See Miller, 250 S.W.3d at 743. As explained above, Stafford offered no evidence of such at the hearing. See Ess, 453 S.W.3d at 202; see also Miller, 250 S.W.3d at 743. Regarding unintentional nondisclosure, Stafford must show that the nondisclosure prejudiced him in a manner that influenced the jury's verdict. See Miller, 250 S.W.3d at 743. Stafford did not articulate in his motion or at the hearing how Juror's familiarity with Stafford and Victim from the pawnshop influenced the verdict so as to necessitate a retrial. Stafford suggests only in a very general way that Juror's nondisclosure of his familiarity with Stafford and Victim influenced the verdict. Based on the record before us, we hold the trial court did not err in finding Stafford insufficiently alleged prejudice. See Miller, 250 S.W.3d at 743. At voir dire, the venire panel was asked whether anyone knew Stafford or Victim; no vernirepersons responded in the affirmative. Further, the trial court instructed the jury to decide the case fairly and impartially based on the evidence presented at trial. We presume that "jurors, when properly instructed, will set aside any preconceived notions or premature conclusions about the case[.]" Ess, 453 S.W.3d at 205 (citing McFadden, 391 S.W.3d at 421). Therefore, even if Stafford had presented evidence of inadvertent nondisclosure, the record does not suggest

12

that such nondisclosure prejudiced the verdict so as to warrant a new trial. See Ess, 453 S.W.3d at 205; Miller, 250 S.W.3d at 743. Point Two is denied.

**III.     Point Three—Prior Offender Classification**

In Point Three, Stafford posits that the trial court plainly erred in sentencing him as a prior offender under Section 558.016 because the State did not prove the essential facts to classify Stafford as a prior offender as required by Section 558.021. Stafford requests removal of the prior-offender classification from his judgment and sentence, but acknowledges that this point is not preserved and requests plain-error review. See Johnson, 207 S.W.3d at 34.

Section 558.021 requires the State to introduce evidence establishing beyond a reasonable doubt that the defendant is a prior offender, and further demands the trial court make findings of fact that warrant finding beyond a reasonable doubt that the defendant is a prior offender. Section 558.021.1(2)–(3). Here, the State concedes that it did not present evidence establishing Stafford's prior offender status. The State further concedes that the record does not show a waiver of such proof and agrees that this omission constituted a violation of Section 558.021. Accordingly, we find that the trial court plainly erred in sentencing Stafford as a prior offender. See Sections 558.021, .016; State v. Robinson, 353 S.W.3d 448, 450 (Mo. App. E.D. 2011) (holding that the trial court plainly erred in designating the defendant as a prior offender where the State did not allege facts establishing the defendant's prior-offender status).

However, to provide Stafford with any relief, we must find that the plain error resulted in manifest injustice. See Johnson, 207 S.W.3d at 34; State v. Morgan, 480 S.W.3d 349, 353 (Mo. App. E.D. 2015). Here, the trial court's error in sentencing Stafford as a prior offender did not affect the length of Stafford's sentence. See State v. Pierce, 548 S.W.3d 900, 903–04 (Mo. banc 2018) (holding that even a different sentencing range may not be sufficient to show manifest injustice). In this case, the sentencing range for sodomy in the first degree is five years to life in

13

prison, while the range for domestic assault in the third degree is one to four years. Additionally, the sentences for the two counts of domestic assault must run consecutive to the first-degree sodomy count. Section 558.026.1(3). No sentencing enhancement for prior-offender status is applicable. We note that in pronouncing Stafford's sentence, the trial court was critical of the State's request for 15 years for the sodomy charge compared to its plea offer of five years, and expressed concern that the difference was punitive because Stafford exercised his right to trial. The trial court accordingly sentenced Stafford within the proper statutory range to seven years for first-degree sodomy to run consecutive to three years on each count of third-degree domestic assault to run concurrent to each other. The record clearly reflects that Stafford's prior conviction was *not* a factor in sentencing and thus not a source of manifest injustice in sentencing. See Pierce, 548 S.W.3d at 903–04.

While the length of Stafford's sentence would be no different had he not been classified as a prior offender, the most direct legal consequence of erroneously sentencing Stafford as a prior offender is Stafford's loss of the statutory right to have a jury's recommendation on sentencing. Morgan, 480 S.W.3d at 353 (citing State v. Drudge, 296. S.W.3d 37, 41 (Mo. App. E.D. 2009). The State reasons that Stafford cannot show manifest injustice by the loss of that statutory right because Stafford waived that right by not requesting jury sentencing and failing to object to being deprived jury sentencing.

A defendant waives his right to jury sentencing when he allows the trial court to determine his sentence without affirmatively raising his right to have the jury recommend a sentence. State v. Emery, 95 S.W.3d 98, 102–03 (Mo. banc 2003); State v. Sprofera, 427 S.W.3d 828, 839 (Mo. App. W.D. 2014). The defendant must timely assert his statutory right to a jury-recommended sentence. Emery, 95 S.W.3d at102–03; Morgan, 480 S.W.3d at 353 (citing

14

Drudge, 296 S.W.3d at 41) (noting that the "statutory right [to jury sentencing] can be waived when the defendant fails to assert it"). Where "a defendant has waived his statutory right to jury-recommended sentencing, the defendant cannot later claim that manifest injustice resulted from the trial court determining his sentence." Sprofera, 427 S.W.3d at 839; see Morgan, 480 S.W.3d at 353.

Here, the record plainly shows that Stafford did not assert his right to a jury-recommended sentence when the trial court asked whether there was any reason not to proceed with sentencing. The record of the hearing, including Stafford's argument that his prior conviction was non-violent and remote in time, suggests that both parties and the trial court proceeded on the assumption that Stafford was a prior offender. We acknowledge that the trial court did not explain to Stafford on the record that he had a right to jury sentencing that was lost due to him being found a prior offender; however, the trial court was not obligated to do so, particularly since Stafford's prior-offender status was not a factor in the length of Stafford's sentence.[2] Because the law firmly places the burden to assert the statutory right to jury sentencing on the defendant, we must find that Stafford waived his right to jury sentencing. See Emery, 95 S.W.3d at 103; Morgan, 480 S.W.3d at 353 (citing Drudge, 296 S.W.3d at 41).

Having determined that Stafford fails to show manifest injustice with respect to the length of his sentence or his waiver of jury sentencing, we lastly consider Stafford's contention that his prior-offender status results in manifest injustice because that status carries possible ramifications for parole eligibility. See Sprofera, 427 S.W.3d at 839 (citing Robinson, 353

---

[2] We note that Stafford does not allege—nor does the record show—a mismatch between the oral pronouncement of his sentence and the written sentence. See State v. Brown, 558 S.W.3d 105, 115 (Mo. App. E.D. 2018) (internal quotation omitted) ("[B]ecause a defendant has a right to be present at the time of sentencing, the trial court's written sentence and judgment should generally reflect the court's oral pronouncement of sentence given to the defendant.").

15

S.W.3d at 450, Drudge, 296 S.W.3d at 41). This Court rejected a similar claim after careful analysis in Morgan. The State argues Morgan is controlling and is the most recent judicial authority analyzing potential negative parole consequences in this context. 480 S.W.3d at 353–54. In Morgan, this Court held that a defendant who waived his right to jury-recommended sentencing did not otherwise demonstrate manifest injustice by alleging negative parole consequences. Id. Morgan found that a closer analysis of legal precedent as well as Department of Corrections regulations revealed that "it is not the ***finding*** by the trial court that one is a prior offender that affects parole eligibility under these statutes and regulations, but the ***fact*** of one's prior criminal history or previous prison commitments." Id. (internal citations omitted). Specifically, the relevant statutes and rules—none of which Stafford specifically addresses here—refer only to the offender's prior criminal history or "previous prison commitments" rather than any classification made by the trial court. Id. (internal citations omitted). We may not find manifest injustice based on purely speculative claims that are not supported by the record. Forrest, 183 S.W.3d at 229–30.

Stafford supports his argument only with cases that preceded Morgan, and does not offer a basis allowing us to distinguish the precedent Morgan established with respect to speculative parole-eligibility ramifications. See, e.g., Simmons v. State, 432 S.W.3d 306, 309 (Mo. App. E.D. 2014) (internal citations omitted) (recognizing that we are bound by precedent in the context of parole eligibility being a collateral matter not impacting the voluntariness of a guilty plea). Accordingly, having failed to identify any probable negative consequences resulting from his classification as a prior offender, Stafford does not meet his burden to show manifest injustice necessary to be granted relief on appeal. See Johnson, 207 S.W.3d at 34; Morgan, 480 S.W.3d at 354. Point Three is denied.

Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.